STATE
*vs.*
JUDGE WATTS.

## STATE *vs.* JUDGE WATTS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A *mandamus* will not issue to compel a district judge to sign a judgment after the lapse of three judicial days, when, even after that time, on the intervention of a creditor of one of the parties, suggesting fraud, the judge in the exercise of his discretion, has granted a new trial.

Whether a judge discreetly exercises his legal discretion in granting a new trial, in any case, is a question which cannot be entertained on an application for a *mandamus* to compel him to sign the judgment, upon which the new trial is granted; the error, if it be one, can only be corrected on appeal.

The Supreme Court has powers commensurate with its appellate jurisdiction, but will not exercise a general supervisory control over the proceedings of the inferior tribunals. It can only interpose its authority when necessary for the exercise of its appellate jurisdiction.

This is the case of an application to the Supreme Court, for a *mandamus* to compel the judge of the first judicial district to sign a certain final judgment, rendered by him on the minutes.

The facts of the case are set forth in the following petition and affidavit, and the answer of the district judge to the rule requiring him to show cause why the *mandamus* should not be awarded:

*H. R. Denis,* of counsel for Seraphine Becnel, wife of A. Brou, being sworn, declares that on the 24th day of February, 1835, he obtained a judgment of separation of property for the wife against her husband, in the District Court of the first judicial district of Louisiana, liquidating her rights, amounting to thirty thousand and forty-five dollars.

That afterwards, on the 28th of February, when the said judgment was ripe and ready to be signed, René Trudeau,

under the pretence that he was a creditor of A. Brou, was admitted to file an intervention in said suit, and moved the court for a new trial between the original parties. That the judge of said court, instead of signing said judgment, as requested to do by this deponent, granted a new trial. That this deponent offered to go to trial, *instanter*, which was refused.

That on the 5th of March, this deponent, after giving notice to the intervening party, moved to be admitted to make his proof again in the original suit, and on being refused, again moved the judge to sign said judgment, which he also refused.

This deponent further declares, by the illegal conduct of the judge, in not signing her judgment, his client, sustains an irreparable injury, for this, that her husband is about to call a meeting of his creditors, in which case she will be deprived of the right of voting at the said meeting.

Wherefore, he prays that a *mandamus* issue from the Supreme Court, ordering the district judge to sign said judgment.

Upon the filing of this petition and affidavit the rule was taken on the district judge to show cause why he should not sign the said judgement. The judge returned for answer:

" That the petition of Seraphine Becnel, against her husband, A. Brou, reclaiming thirty thousand and forty-six dollars, for paraphernal rights against her husband, and a separation of property was filed on the 16th February, 1835.

" The defendant filed an answer, on the 18th February, 1835, submitting himself to the decree of the court.

" On the 24th February, 1835, plaintiff's counsel called up the case, as by consent, as he said, of defendant; but no consent was exhibited, nor was defendant present. The court, perhaps improperly, yielding to the suggestion of plaintiff's counsel, looked into the proofs; and considering that as to defendant, she was entitled to a judgment; and that, if questioned by creditors, she would again have to establish her claim contradictorily with them, thought her

entitled to a judgment; and one was rendered in her favor, on the 24th February, 1835. On the 28th February, 1835, that judgment was ripe for signature; on that day, and before the judgment was signed, René Trudeau, filed an intervention, suggesting fraud, and praying a trial by jury, and moved for a new trial. This motion was taken up, by consent of parties, and the court, under the circumstances of the case granted a new trial, and directed the cause to be placed on the jury docket, to be called in course. Some days afterwards, but on what day in particular I do not remember, and there is nothing on the minutes to show, plaintiff's counsel moved to have the case tried, stating that he had given notice of his intention to try the case, to the counsel of Trudeau; no proof of this fact was made to the court, and if there had been, the court would not have heard the case.

"The counsel for Mrs. Brou, insisted on his right to try the case under Code of Practice, art. 394. The undersigned considers that he could not proceed to try the case in the manner required by Mrs. Brou's counsel.

"1st. There was no consent of defendant, to this course apparent to the court.

"2nd. The court considers that the intervening party having asked a jury, and the cause being ordered to be placed on the jury docket, the whole case must be necessarily tried by jury, the court not considering it any injury to a party, under such circumstances, to impose a jury trial on him, and that notwithstanding Code of Practice, 394, the original parties cannot by their consent, take up a case out of its order on the docket, contrary to the rule, or to the prejudice of the right of the intervening party, to have his rights passed upon by a jury.

"Under these circumstances, the undersigned considers that he could neither sign the judgment rendered, (for a new trial had been granted, which annulled the judgment rendered) nor could he proceed to try the case by consent of plaintiff and defendant, out of its course, no consent appearing for defendant, and if such consent had appeared, the undersigned would still have refused.

"The undersigned also considers that he is not bound to take up causes by consent, out of the ordinary course of business, when parties choose to make such application, although the undersigned frequently does so to facilitate business.

"Since the service of this rule, A. Brou has applied for, and obtained a stay of proceedings, and called a meeting of his creditors, to obtain a respite. This circumstance, it appears to the undersigned, restrains from further action in the case : all which is submitted as a reason why a *mandamus* should not issue, in conformity with the motion of the applicant."

*Bullard, J.,* delivered the opinion of the court.

The petitioner, S. Becnel, obtained from this court, a rule on the judge of the First Judicial District, to show cause why a *mandamus* should not issue, commanding him to sign a judgment rendered in her favor, against her husband on the 24th day of February, but which the judge had refused to sign, more than three days after its rendition.

The district judge, in answer to the rule, shows for cause, that on the 28th of that month, and before the judgment was signed, René Trudeau, a creditor of the husband, filed an intervention suggesting fraud, and moved for a new trial, by jury. That the case was taken up by consent, and that the court, under all the circumstances of the case, granted a new trial, and directed the cause to be set down on the jury docket, and has not yet been reached in its regular order.

This court is not called upon in the present case to decide whether an intervention can properly be admitted after trial, and judgment rendered. The case is not before us on appeal, and we express no opinion on that question. The application to us is to direct the district judge to sign a judgment rendered by him, unless he shows good cause why it should not be signed.

Article 546 of the Code of Practice, makes it the duty of the judge to sign all definitive or final judgments rendered by them, after three judicial days shall have expired

EASTERN DIST.
*March*, 1835.

STATE
*vs.*
JUDGE WATTS.

A *mandamus* will not issue to compel a district judge to sign a judgment after the lapse of three judicial days, when even after that time, on the intervention of a creditor of one of the parties suggesting fraud, the judge in the exercise of his discretion has granted a new trial.

Whether a judge discreetly exercises his legal discretion in granting a new

EASTERN DIST. from their rendition.    The next article authorises the
*March*, 1835. amendment of judgments before they are signed, under

STATE      certain restrictions, and declares, that except in the cases
*vs.*
JUDGE WATTS. therein provided, courts cannot alter their judgments, but
trial in any case, they may *ex officio* direct a new trial, in order to revise them.
is a question
which cannot be The courts are clothed by this article with authority, in the
entertained on
an application exercise of a sound legal discretion, to set aside the judgments
for a *mandamus*, rendered by them before they are signed, and grant new
to compel him
to sign the judg- trials.    In the present case, the judge has thought himself
ment upon which
the new trial is authorised to grant a new trial, on the suggestion of fraud
granted.    The between the parties litigant, on the part of the creditor of
error, if it be
one, can only be one of them.    Whether he discreetly exercised his legal
corrected on ap-
peal.        discretion, is a question which we do not feel ourselves
The Supreme authorised to entertain under this motion for a *mandamus*.
Court has pow-
ers commensu- If he was in error, that error can be corrected by this
rate with its ap-
pellate jurisdic- court only on appeal.    The Supreme Court derives its
tion; but will not jurisdiction from the constitution, by which it is declared to
exercise a gen-
eral supervisory be appellate.    Its powers are commensurate with its juris-
control over the
proceedings of diction, and the court has uniformly refused to exercise a
the inferior tri-
bunals.    It can general supervisory control over the proceedings of the
only interpose inferior tribunals, and can interpose its authority only when
its authority,
when necessary necessary for the exercise of *its* appellate jurisdiction.
for the exercise
of its appellate
jurisdiction.        Let the rule be discharged.