## SUCCESSION OF MACARTY.

A *mandamus* will not be issued in any case, where the party applying for it has a full and adequate remedy by appeal.

The Supreme Court has no general superintending jurisdiction over the inferior courts. The jurisdiction of the court in this respect is the same under the present constitution as under that of 1812.

The summary action of the Supreme Court will be confined to cases in which its interposition is necessary for the maintenance of its appellate jurisdiction.

RULE on *Buchanan*, Judge of the Fifth District Court of New Orleans, to show cause why a *mandamus* should not be issued. *L. Janin*, for the rule. *Eyma* and *Pitot*, contrâ. The judgment of the court was pronounced by

SLIDELL, J. The testamentary executors of *L. B. Macarty*, having filed an account, a decree of homologätion was rendered on the 20th November, 1847. A few minutes after the rendition of this decree, *Madame Lalaurie*, an heir of the deceased, presented an opposition to the account, and moved the court for leave to file the same, which was refused ; and thereupon an application for a *mandamus* was made to this court. We granted a rule to show cause, and have heard the case upon the answer of the district judge, and the argument of counsel. The argument has taken a wide range, and has principally discussed questions of practice with regard to the homologation of accounts, the right of an heir to personal citation, and the effect of a judgment of homologation rendered, but not signed.

But there is a question which stands before these, and involves, if not our authority, at all events the discretion to be exercised by this court in issuing the writ of *mandamus* to an inferior tribunal. The jurisdiction of this court, so far as the subject under consideration is concerned, is not distinguishable from the jurisdiction of the Supreme Court under the former constitution. What was held therefore by our predecessors upon the present question has the authority of precedent, and the force of that authority is certainly much increased, if it be found, upon examination of their decisions, that they were uniform and repeated. In *Laverty* v. *Duplessis*, 3 Mart. 42, the Supreme Court disclaimed a general, superintending jurisdiction over the inferior courts.

In the case of *The State* v. *Judge Watts*, 8 La. 76, there was an application for a *mandamus*, to compel a district judge to sign a final judgment rendered by him. It was then said : "That courts are clothed with authority, in the exercise of a sound legal discretion, to set aside the judgments rendered by them before they are signed, and grant new trials. In the present case the judge has thought himself authorised to grant a new trial, on the suggestion of fraud between the parties litigant, on the part of the creditor of one of them. Whether he discreetly exercised his legal discretion, is a question which we do not feel ourselves authorised to entertain, under this motion for a *mandamus*.

SUCCESSION
OF
MACARTY.

If he was in error, that error can be corrected by this court only on appeal. The Supreme Court derives its jurisdiction from the constitution, by which it is declared to be appellate. Its powers are commensurate with its jurisdiction; and the court has uniformly refused to exercise a general supervisory control over the proceedings of the inferior tribunals, and can interpose its authority only when necessary for the exercise of its appellate jurisdiction."

In the case of *The State* v. *Judge Morgan*, 12 La. p. 120, the district judge had sustained a plea to the jurisdiction of his court, and had ordered the cause to be trasferred to the Court of Probates; and thereupon there was an application for a *mandamus*, to command the district judge to try the cause. It was held that the judgment of which the applicant complained was appealable, and that he must seek relief, not by *mandamus*, but by an appeal. See also *Winn* v. *Scott*, 2 La. 89. *State* v. *Bermudez*, 14 La. 483.

In applying the principles recognised so repeatedly by our predecessors to the present case, our first enquiry should be, has the applicant a full and adequate remedy by appeal; and, upon this point, no doubt can be entertained. The case is within the appellate jurisdiction of this court. *Madame Lalaurie* is a party interested, and the decree homologating the account is of that final character which authorises a resort to the appellate court. So also, if under the circumstances, the plaintiff in this rule had a right to open that decree, and the district court improperly refused that right, such refusal also was in the nature of a final decree which could be brought by appeal before this court for revision, by bill of exceptions, or other proper exhibition of the action of the district court in the matter.

We listened attentively to the argument of counsel, and heard no reasons assigned for the summary interference of this court by *mandamus*, except those deduced from the supposed or real inconvenience to the litigant of taking an appeal. The argument *ab inconvenienti* is entitled to no weight. If it were, it could be urged with much greater force against the plaintiff in the rule; for if applications of this sort were entertained upon the motion of every dissatisfied litigant, the whole time of this tribunal would be absorbed in superintending the proceedings of the inferior courts; and the embarrassment and delay of litigation would soon become intolerable. The disclaimer of a general superintending control over the inferior courts, and the limitation of the summary action of the appellate court to those cases where its interposition is necessary for the maintenance of its appellate jurisdiction, rules so repeatedly recognised by our predecessors, rest upon a wise policy, and a sound exposition of the constitution. We cannot defeat them.

The application for a *mandamus* is, therefore, dismissed, at the costs of the applicant.