VAN WINCKLE
*vs.*
FLECHEAUX.

VAN WINCKLE *vs.* FLECHEAUX.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE
PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

An appeal lies from an order of refusal to set aside a sequestration, which is only an interlocutory judgment, and need not be signed by the judge.

The signature of the judge is only required to final judgments.

The defendant should be permitted to offer evidence of the allegations upon which he grounds his motion to set aside an order of sequestration; especially, when the facts offered to be disproved, formed an inducement for granting the order.

The plaintiff obtained an order of seizure and sale, against certain property, in possession of the defendant, to enforce payment of one of the instalments of the price.

The defendant made opposition, and obtained an injunction to stop the sale, until an investigation be had on the merits.

The plaintiff amended his petition, and prayed for an order of sequestration of the plantation, slaves, and crop growing thereon, on which his mortgage exists and attaches, and that it be taken out of the possession of the defendant.

In the month of October, 1837, the defendant cited the plaintiff to show cause, on the 23d of the month, (if any,) why the writ and order of sequestration should not be set aside.

On the 30th of November, after hearing the parties, the judge presiding overruled the motion taken by the defendant, to set aside the sequestration; and an order to this effect was entered on the *minutes,* and comes up certified in the record by the clerk. From this order, refusing the motion, the defendant appealed.

*L. Janin,* for the plaintiff, moved to dismiss the appeal, on the ground, that the judgment appealed from is not signed.

This judgment is certainly final, on a distinct and import-
ant branch of the case.   *Code of Practice,* 546.

2. It is called a final judgment by the defendant in his
appeal bond ; and it will be found that the definition of
interlocutory judgments, in article 538, (French text,) of the
Code of Practice, does not apply to this one.   4 *Martin,* 607.
5 *Ibid.,* 293.   9 *Ibid.,* 189.   3 *Louisiana Reports,* 429.

3. The plaintiff had a mortgage on the plantation and
slaves, and a privilege on the crop, which made it a proper
case for a sequestration, under the law of April 7th, 1826,
page 170.

4. In the supplemental petition, the plaintiff expressly
alleges, he has a mortgage on the land and slaves, and a
privilege on the growing crop, and that he apprehends and
believes the crop will be carried away, and the slaves taken
out of the state, before he can have judgment, and the bene-
fit of his mortgage and privilege ; these and other facts are
sworn to, which constitute sufficient grounds for an order of
sequestration.

5. There was no citation of the defendant in the supple-
mental petition for a sequestration, and none was necessary.
The party was already in court, having a copy served on
him, which he answered.   8 *Martin, N. S.,* 437.

*F. N. Ogden,* for the defendant, contended, that an appeal
would lie from an order refusing to set aside a sequestration.
5 *Martin, N. S.* 42, 2.

2. The allegations in plaintiff's petition and affidavit for a
writ of sequestration, are insufficient to sustain it; affiant
only swears that he has a mortgage on the plantation, and
that he apprehends and believes that the crops, upon which
he has a lien, will be carried away, &c.; which is too vague,
loose and equivocal.   *Code of Practice, article* 275, *Nos. 3 and*
6.   5 *Martin, N. S., page* 42.

3. The affidavit contains no positive allegation, as the law
requires, that the mortgaged negroes are about to be taken
out of the state ; and the facts sworn to by affiant, which
induced his apprehension that they would be removed out of

EASTERN DIST. the state, are mere grounds of suspicion, and will not suffice;
March, 1838. and the affidavit does not disclose a just and legal cause of
VAN WINCKLE any such apprehension. 5 *Martin, N. S.*, 42.   6 *Louisiana*
vs.
ELECHEAUX. *Reports*, 271.   7 *Ibid.*, 343.

4. In plaintiff's proceedings for the sequestration, there is
no prayer for the defendant to be cited, and he *never* was
cited, as the law especially directs.  *Code of Practice, articles*
178, 179, *and* 206.   4 *Louisiana Reports*, 154.   8 *Martin, N.
S.* 354.

Wherefore, for the foregoing reasons, he, by his counsel,
prays that the sequestration be set aside, and the decree of
the lower court reversed, and also relying on the bill of
exceptions on file.

*Carleton, J.*, delivered the opinion of the court.

The plaintiff obtained an order for the seizure and sale of
a plantation and slaves, which he had sold to the defendant,
who failed to pay one of the promissory notes, given for part
of the price of purchase.

Before seizure was effected, all further proceedings were
enjoined at the instance of defendant; whereupon, the plain-
tiff sued out a writ of sequestration, under which the sheriff
took possession of the property.

An appeal lies
from an order of
refusal to set
aside a seques-
tration, which is
only an interlo-
cutory judgment,
and need not be
signed by the
judge.

The signature
of the judge is
only required to
final judgments.

Defendant having applied to set aside the order of seques-
tration, the court, after hearing the parties, sustained the
order, and the defendant appealed.

Plaintiff's counsel insists, that the appeal should be dis-
missed, inasmuch, as the order from which it is taken, was
not signed.

It has been long settled by this court, that an appeal lies
from the refusal to set aside a writ of sequestration; the
judgment of the court is necessarily interlocutory, and we
know of no law that requires the signature of the judge to
any other than a final judgment.  *Code of Practice*, 544, 546.

The plaintiff annexed to his petition for sequestration, his
affidavit, in which he avers, 1st, "that said defendant has
sold, and caused to be taken away from the plantation, all,
or the principal part of the crop of corn, raised thereon,

thereby showing, that he has no intention of cultivating the plantation another year. 2d. His arresting the seizure and sale of the property as aforesaid, by an injunction obtained by false allegations."

The defendant, in his motion to set aside the sequestration, among other grounds, alleges, thirdly, " that plaintiff's oath and petition are insufficient to authorize any sequestration of the crops of corn and cotton; there is no allegation of insolvency on the part of defendant, and the oath is not sufficiently positive and certain, as regards the sequestration of the alleged mortgaged negroes; it should be set aside, because plaintiff has sworn falsely and erroneously to the principal fact, which, as he has sworn, induced his apprehensions of this appearer intending to remove said negroes out of the state, to wit: that this appearer had sold all, or the principal part of the crop of corn on the plantation, which is totally false, as this appearer never sold any part or portion thereof." He thereupon offered witnesses to prove the matters thus alleged, but the court refused to hear them, being of opinion, that if the facts were disproved, still, the second specification in the defendant's affidavit would be sufficient.

We think the court erred in refusing to hear the testimony.

The facts which the defendant offered to disprove, formed an inducement for granting the order of sequestration, and the party had clearly a right to have the evidence spread upon the record, that the appellate court might understand its bearing upon the whole matter in controversy.

It is unnecessary to examine any other point raised in the cause, as we think it must be sent back on this ground alone.

*The defendant should be permitted to offer evidence of the allegations, upon which he grounds his motion to set aside an order of sequestration, especially when the facts offered to be disproved, formed an inducement for granting the order.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that this cause be remanded for further proceedings according to law, with instructions to the district judge not to reject any legal testimony adduced by the defendant, to disprove the facts set out in the affidavit annexed to the plaintiff's petition, and that the plaintiff pay the costs of appeal.