# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

**EASTERN DISTRICT.**

NEW-ORLEANS, JANUARY, 1840.

---

LANG ET AL. *vs.* THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

EASTERN DIST.
*January*, 1840.

LANG ET AL.
*vs.*
THEIR CREDIT-
ORS:

An opposition to the provisional tableau filed by a syndic, comes too
late when ten days have expired after the order of publication, and
when judgment of homologation has been *pronounced*, although it be
*not signed.*

A new trial will not be granted when a party has neglected to file
his opposition to a tableau until judgment of homologation has been
pronounced, even if he presents himself, and moves for it before
judgment is signed.

This appeal comes up on a bill of exceptions taken to the
judgment of the court, refusing the appellant, William R.
Carnes, who claims to be a privileged creditor of the insol-
vents, to file his opposition, and to grant a new trial.

The record shows that the syndic of the creditors of the
insolvents, filed his tableau of distribution, and publication
was made on the 16th of November, 1838. On the 28th of

EASTERN DIST.
January, 1840.

LANG ET AL.
vs.
THEIR CREDIT-
ORS.

the same month, judgment of homologation was pronounced so far as the tableau was not opposed. On the 30th, and before this judgment was signed, William R. Carnes, a privileged creditor, offered to file an opposition to the tableau, which the judge refused, as coming too late.

The counsel of Carnes then took a rule on the syndic to show cause why a new trial should not be granted, and the judgment of homologation set aside.

Bills of exception were taken to the decision of the judge refusing leave to file the opposition, and overruling the application for a new trial. The opposing creditor appealed.

*Greiner*, for the appellant, insisted, that as no personal notice of filing the tableau had been given to the opposing creditor, he was not precluded from filing his opposition. 2 *Moreau's Digest*, 434, section 35. *Louisiana Code*, 3054, *Nos.* 2 and 4. 7 *Martin, N. S.*, 425.

2. The opposition was in time; and it may be filed at any time before judgment of homologation is signed. 9 *Louisiana Reports*, 48. 6 *Martin, N. S.*, 654.

3. There is no legal proof of publication. The newspaper should have been produced in evidence, showing the advertisement, and the date of publication. In this case the syndic's counsel testifies, that he caused the advertisement to be inserted in certain papers. 11 *Louisiana Reports*, 483.

*Haynes*, for the syndic, contended, that personal notice was not required to be given to creditors. The publication in this case was made in two newspapers, and duly proved. The opposition came too late, after the expiration of ten days from publication.

*Martin, J.*, delivered the opinion of the court.

In this case, Carnes, a creditor of the insolvents, opposed the provisional tableau of distribution, filed by the syndic, after its homologation, but before the judgment, ordering it to be homologated, had been signed. The judge refused leave to the creditor to file his opposition; and he then moved for a new trial, which was refused, when the present appeal was taken.

EASTERN DIST.
January, 1840.

LANG ET AL.
vs.
THEIR CREDIT-
ORS.

Our attention is drawn to a bill of exceptions taken to the refusal of leave to file the opposition; the judge being of opinion that it was offered too late.

The counsel of the appellant relies on the case of Longbottom's executor vs. Babcock et al., 9 Louisiana Reports, 48, in which we held, that the article 1004 and 1008 of the Code of Practice, require that opposition should be made to an executor's or curator's account, within *three* days after filing it; but it does not prohibit the making of opposition *after the lapse* of three days, and before the final judgment of homologation of the account.   That case was an opposition to an executor's tableau filed *after the legal delay;* and we said, *arguendo,* that as a general rule, "when an act is to be done within a given time, as the filing an answer and the like, it may be done afterwards, if nothing occurs to prevent it. Thus, if a judgment by default has not been taken, an answer may be put in to the merits, although more than ten days have elapsed from the service of citation."   The case relied on, differs from the present in this : that nothing had been done since the expiration of the legal delay ; while in the present, a judgment was pronounced.

The case of Chiasson's Heirs *vs.* Dupuy et al., 9 Louisiana Reports, 57, is next cited, in which we recognized the principle laid down in the preceding case.

Lastly, the case of Avart *vs.* His Creditors, 6 Martin, N. S., 652, is said to be conclusive on the question under consideration.   The marginal note is : " Creditors may oppose the tableau of distribution at any time previous to the judgment of homologation being *signed.*"   The facts of that case are : In December, 1825, a partial tableau had been filed, which was homologated in January following.   In April, 1827, judgment of homologation not having yet been signed, an additional tableau was filed ; and in July following, judgment, homologating the first tableau, was signed ; but on the filing the second tableau in April, one of the creditors had made opposition thereto on grounds relating to both tableaus, principally to the rank of another creditor, placed as a privileged one on both tableaus.   The opposition being over-

EASTERN DIST.
January, 1840.

LANG ET AL.
vs.
THEIR CREDIT-
ORS.

ruled, the opponent appealed. The judgment was reversed in this court, and the case remanded, with directions to determine on the opposition.

It was urged, that the first tableau had been homologated in the presence of the opponent, after an amendment, which he provoked, without his opposition to any other part; therefore, his opposition could not be received.

On the part of the appellant, it was replied, that the judgment of homologation was interlocutory, and did not form *res judicata;* and if it be otherwise, the opposition was in time, before the judgment of homologation was signed. We expressed a doubt whether such judgments are interlocutory or final; but thought they could not be considered as final, until signed.

It does not appear to us that the marginal note is supported by the decision, which appears to us to be, that the place of the creditor amongst the privileged ones, was not conclusively settled by the homologation of the first tableau, which, at the time it was contested, was not yet signed.

An opposition to the provisional tableau filed by a syndic, comes too late, when ten days have expired after the order of publication, and when judgment of homologation has been *pronounced,* although it be *not* signed.

A new trial will not be granted when a party has neglected to file his opposition to a tableau until judgment of homologation has been pronounced, even if he presents himself and moves for it before judgment is signed.

The law fixes a delay, within which opposition to a tableau of distribution is to be made : that delay is not, however, fatal, as long as proceedings are suspended ; but, when judgment of homologation is pronounced, creditors, who deem themselves injured by it, cannot be relieved, otherwise than by a new trial ; and this cannot be obtained by a party who has neglected to file his opposition, until the judgment of homologation be pronounced. If it were otherwise, the final homologation of the tableau could be indefinitely protracted by creditors coming one after the other, and claiming a new trial, till judgment be actually signed.

The case of Avart *vs.* His Creditors, establishes only that in an opposition to a second tableau, the creditor may be relieved as to the property distributed therein, from any injury he may have sustained in the first, especially when he has urged his claim to relief before the judgment homologating the first tableau be signed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.