## SUCCESSION OF MACARTY.

An opposition to a tableau of distribution of the effects of a succession, presented after the decree for its homologation had been rendered, is too late. The fact that the opposition was presented a few moments after the decree was rendered, does not change the case.

The law fixes a period within which an opposition to a *tableau* of distribution of the effects of a succession must be made; it can only be made afterwards, where the proceedings have been suspended. But when judgment of homologation has been pronounced, creditors who deem themselves injured by it can only be relieved by a new trial; and this cannot be allowed, where the opposition has not been filed until judgment of homologation had been pronounced.

A decree for distribution among the heirs of the proceeds of a succession, will not be binding upon them without citation; nor will they be bound, without citation, by an allowance of commissions to the executor made in a tableau of distribution.

APPEAL, by the opponent, from a judgment of the Fifth District Court of New Orleans, homologating a tableau of distribution, *Buchanan*, J. *L. Janin*, for the appellant. *Buisson, Eyma* and *Pitot*, contra. The judgment of the court was pronounced by

SLIDELL, J. The court below did not err, in refusing to permit *Mrs. Lalaurie*, to file her opposition to the tableau, and also in .refusing her a new trial, so far as the judgment of homologation authorized the payment of creditors. When the opposition was presented, the decree of homologation had been rendered. That the opposition was presented on the same day, and, but a few moments after the rendition of the decree, does not change the case. It would throw the business of courts into extreme confusion and make the administration of justice almost impracticable, if a decree made could be rendered nugatory by the subsequent appearance on the same day of a party, who had seasonable legal notice, and an opportunity to appear and present his case before the rendition of the decree. So far also as concerns the motion for a

new trial upon the tableau generally, we must hold the refusal of the new trial to be correct. We are not insensible to the force of the reasoning presented by the appellant's counsel, deduced from the general provisions of the Code on the subject of new trials, and from the analogy of ordinary judicial proceedings; and, if the matter were *res nova*, we might perhaps hesitate with regard to the affirmance of the opinion of the district judge. But that opinion is very fully sustained by the decisions of the Supreme Court. The case of *Lang et al.* v. *Their Creditors*, 14 La. 237, is directly in point; it has been generally followed by the courts and the profession; and has never, so far as we are aware, been overruled. It was there said: "The law fixes a delay within which opposition to a tableau of distribution is to be made. This delay is not, however, fatal, as long as proceedings are suspended; but when judgment of homologation is pronounced, creditors who deem themselves injured by it cannot be relieved otherwise than by a new trial; and this cannot be obtained by a party who has neglected to file his opposition until the judgment of homologation be pronounced." On looking into the reasons given for that opinion, by which the proceedings upon a tableau are certainly distinguished in some respects from ordinary actions, it will be found that they have much force. The distinction seems to have originated from the necessity of the case, and the probable impracticability of conducting the distribution of estates among creditors, if provisions of the Code of Practice, not embracing *eo nomine* insolvent and probate proceedings, which are the subjects of special legislation, should be indiscriminately and unqualifiedly applied to such proceedings. Hence the court, after giving the opinion just cited, observed, very forcibly: "Were it otherwise, the final homologation of the tableau could be indefinitely protracted by creditors coming one after the other, and claiming a new trial till judgment be actually signed." If there be hardship in the application of the doctrine in this case, it is to be regretted; but it does not authorize us to break down a well settled and convenient rule.

It is said that that the case here is to be distinguished in this respect: There was a premature decree of homologation entered on the 19th November, the first advertizement of the tableau having been made on the 9th. On the 20th, the error was suggested by the counsel of the executors, and thereupon the decree of the 19th was cancelled, and a new decree of homologation was rendered. The argument is that, this decree fixed the rights of the parties: that it affected all of them, and could not be set aside without notice to the person to be affected by it. But the counsel himself asserts that the decree of the 19th was premature and illegal; and such it clearly was. We think it was a proper exercise of the power of the court to set it aside, upon discovering the error; and of this the appellant, who herself acknowledges the illegality of that decree, ought not to complain. If the informal decree of the 19th had led the appellant into error and had influenced her subsequent action to her detriment, it might have afforded equitable ground for relief; but it is obvious that such was not the case. It appears from the statement of facts adopted by the court as part of the bill of exceptions, that the appellant's counsel acknowledged that he had not seen, nor had cognizance of, the decree of the 19th November, when he asked leave to file his opposition on the 20th, after the rendition of the new decree.

The court properly opened the decree so far as related to the distribution of the nett proceeds of the estate among the heirs, upon the ground that, the

appellant had not been cited, following the authority of *Millaudon* v. *Cajus*, 6 La. 225, *et seq.*

The court also opened the decree so far as concerned the fees of the counsel of the executors, and we do not understand this to be objected to by the appellees.

We are of opinion also that, the decree should have been opened as to the commission of the executors so far as opposed, to wit, their commissions on $28,100. Under the authority of *Baldwin* v. *Carleton*, 11 Rob. 112, an heir is not to be considered as concluded upon such a charge, without citation.

It is, therefore, decreed that the judgment of the court below, rendered on the 18th December, 1847, be so amended as to open the decree of homologation rendered on the 20th November, 1847, so far as concerns the item of $702 50 charged for commissions on the sum of $28,100 ; and it is further decreed that the decree of 18th December, 1847, so amended, be affirmed; tho said estate paying the costs of this appeal; and the personal liability, if any, of said executors, for said costs, being reserved.