## SUCCESSION OF JOHN SPIVEY.

The Act of 1855, conferring upon Clerks of courts power to homologate accounts and tableaux of distribution after thirty days notice, does not deprive the courts of the power, as previously exercised, to homologate such accounts and tableaux after ten days notice.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *Muse & Hardee*, for opponent and appellant.   C. *McVea* and *J. B. Smith*, for administrator.

MERRICK, C. J.   " In the year 1838, *John Spivey* died, and *Robert Bonner* applied for letters of curatorship upon his estate.   On the 8th of November, 1838, he took the oath of office.   In the year 1839, the curator obtained an order of sale, and sold most of the property, amounting in the aggregate to $1321. In the year 1851, about twelve years after he was appointed curator of this estate, *Emily J. Spivey*, the present appellant, aided and joined by her husband, *Jacob Heitzler*, brought suit against him to make him account for his curatorship, alleging herself to be the only surviving heir of her deceased father, *John Spivey*. Service of this petition was made upon *Bonner* in February, 1851.   After this no proceedings were taken until January, 1856, when *S. Benjamin*, as administrator of *Bonner*, (who had died in the mean time), filed an answer, in which he plead the general issue.

" A trial of these issues resulted in a judgment, which was signed on the 6th of February, 1858, decreeing the plaintiff to be the heir of the deceased *John Spivey*, and ordering *S. Benjamin*, *Bonner's* administrator, to file an account of the estate of said *Spivey*, and to account to said *Emily* for all the assets and moneys of said estate, as the only surviving legal heir.   On the 7th July, 1859, more than a year after this order was made, *S. Benjamin* filed the account, together with a petition asking for the heirs to be cited ; on the same day he obtained the following order from the Clerk upon his petition, to-wit : " Let the account which accompanies petition be duly published in the American Patriot ; and let the heirs of *John Spivey*, if any there be in the parish of East Feliciana, be duly cited to appear and show cause why said account should not be homologated and made the judgment of this court, and the administrator be discharged from all liability on account of the same."

" A decree was signed on the 4th of August, homologating this account. And on the same day, *Emily Spivey*, aided and joined by her husband, filed a motion for a new trial, in which motion she set up various grounds of error in the decree of homologation.   The first ground set up is, that the decree was premature,

having been rendered without any service in accordance with the order obtained; and she being the only legal heir, that any homologation without citing her would in no manner be binding upon her. That the account was only published ten days instead of thirty, as required by law. She further alleges, as grounds for a new trial, that the administrator had not accounted for the whole of the property as per inventory ; and that his vouchers were allowed by the court without proof ; that the notes of said deceased, which the curator pretends to have paid, she does not believe to be genuine.

" She further alleges, that some of the credits are entirely spurious, and that no such amounts were ever paid by the curator, and in fact, no receipt appears upon a single voucher. A bill of exception was reserved to the refusal of the court to grant the motion."

The appellant contends in this court, that she was entitled to notice, by citation, of the filing of the account ; both because it was so ordered by the Clerk, and because it is required by law, and that the account could be homologated only after thirty days notice. The Act of 1855, relative to Clerks, confers upon them power to homologate accounts and tableaux of distribution on the first Saturday of every month. But this power is coupled with the condition that the heirs residing in the parish should be cited, and the account notified for thirty days. See Acts 1855, p. 51, secs. 8 and 9. This provision of law does not take from the *courts* the power to homologate the like accounts and tableaux of distribution, as previously exercised, nor does it require that the publication should be made in such case in any other manner than provided by law. The statute expressly exempts from repeal the Articles of the Civil Code and Code of Practice on the same subject. See sec. 31, p. 54.

The Civil Code requires but ten days publication of the account and tableau. C. C. 1058, 1172.

The notices published in the paper in this case called upon all persons to show cause why the account should not be homologated in *ten* days. The account itself had been filed under a decree provoked by the appellant in a regular suit instituted by her, but not within the delay allowed by such decree.

The appellee had a right to cause his account to be homologated by the Judge in open court after ten days notice. The notices actually published, were in this form. It does not appear to us, that the clause in the order of the Clerk, directing the resident heirs to be cited, could vitiate the publication. The *Clerk* could not have homologated the account, without such citation. But the powers of the District Court holding its terms at stated periods, or after due publication, are not so restricted. It may homologate, after ten days notice in the newspaper of the filing of the account.

The motion for a new trial is not even accompanied with an affidavit ; and instead of averring surprise on the ground of the want of citation and thirty days notice, the appellant rests her legal rights upon the face of the papers and the want of such citation and notice.

The motion for a new trial was properly overruled.

On inspection of the account and tableau of distribution, it will be seen there were matters subject to the action of the decree, and it cannot, therefore, be viewed as a nullity. How far it is conclusive upon the rights of parties, can be determined whenever it shall be pleaded as the thing adjudged. *Lang* v. *His Creditors*, 14 La. 237 ; 3 An. 384 ; 12 An. 338.

Judgment affirmed.