No. 9532.

## SUCCESSION OF EUGÉNIE COMMAGÈRE.

Where on appeal by an opponent it appears that he has not been heard at all but was refused hearing on a stated ground, and a judgment dismissing his opposition was entered, it is not necessary that the inventory and a mass of documents that have no relation to the issue presented by the appeal should be copied in the transcript, and a motion to dismiss

for the absence of these unnecessary and irrelevant documents will not be sustained if the pleadings, bills of exception, and other matter needful for a proper presentation of the issue to be decided, are in the transcript.

After judgment has been rendered homologating an executor's account so far as not opposed, other opponents cannot come in and attack the account. The delay fixed by law must have elapsed before an homologation can be made, and they who have permitted it to pass without preferring their complaints are shut out thereafter.

But where an opposition contesting generally the whole account has been filed in time, this opponent may supplement her opposition by specifications and amplifications of the original after the homologation has been made. The judgment qualified by the words "so far as not opposed" reserved her rights.

An opponent-heir who alleges that she signed a receipt to the executor in full settlement in error, and that the real estate of the succession has been bought by the executor through an interposed person, and so seeks to annul the sale and bring the property back into the succession, is not required to make tender of the sum she has received before she can be heard to impugn the settlement or attack the sale.

APPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

*Jonas & Nixon* and *G. Fernandez* for the Executor, Appellee.

*M. Voorhies* for Opponents and Appellants:

The spirit of our legislation is to lend every facility to examine into the conduct of administrators, and technical objections opposed to such investigation are entitled to little favor. 4 Ann. 123; 36 Ann. 416.

A judgment homologating an account so far as not opposed will not bar a supplemental opposition, specifying the items opposed, when the first opposition, previous to judgment, opposed the items generally. 26 Ann. 610; 13 Ann. 113.

A decree homologating an account so far as not opposed, without proof, is a nullity. 27 Ann. 667.

Tender, or the putting *in mora*, is not a prerequisite to an opposition to the final account of an administrator. The doctrine, as set forth in the Civil Code, arts. 1012 [1906] *et seq.*, applies exclusively to commutative contracts.

Where an administrator has purchased property belonging to the succession, sold on the petition of creditors, and employed the purchase price for the payment of its debts, he cannot claim previous tender of the price, but must recover the sum in due course of administration. 36 Ann. 235; 34 Ann. 1017.

Even in a commutative contract, the rescission of which would require a liquidation between the parties, tender is not a prerequisite. 15 Ann. 518. A *fortiori* must this be the doctrine in settlement between heirs and an executor who holds a fiduciary trust.

An opposition to a final tableau by an heir who has been cited cannot be dismissed on a mere objection made, on the trial of the case, of want of tender, based upon a private anterior settlement, which is not before the court.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. The motion is based on the absence from the record of the inventory and other documents, and the failure of the appellant to have the transcript completed, and the fact that an unsigned

judgment of May 6th, which the mover says is the one appealed from, is not appealable.

No reference is made by page to the transcript to guide us in finding this unsigned judgment of May 6th, and we do not propose on a motion to dismiss to grope our way through the record to find it, and the more since there is a judgment of May 26th, signed and in its proper place, and that judgment dismisses the opposition of Cheval the appellant and continues the other opposition indefinitely.

The clerk certifies that he cannot find the inventory and other documents though diligent search has been made, but they are not needed for the purpose of this appeal. The mover seems not to apprehend the condition of the case.

No trial has been had on the merits. The opponent was denied hearing at the outset. When she offered her first witness, the executor objected to any hearing whatever on the ground that he held the opponent's receipt for a sum paid her in settlement of the claim which she was then renewing and pressing in her opposition, and that she could not be heard until she tendered to the executor the sum thus received. The opponent having announced that she would not tender that or any other sum, the court sustained the objection and dismissed her opposition.

The issue to be tried by this appeal is presented in an assignment of errors and bills of exception, and is whether the opponent has a right to be heard and whether a tender was necessary, not whether her claim is just and well-founded. Sor far from the transcript not having documents enough, it has far too many. The bulk of it is not needed for the trial of the issue now presented.

The motion is denied.

## ON THE MERITS.

The executor of this sucession filed his final account in August 1884 which was opposed by Mrs. Cheval one of the heirs, and the account was then homologated so far as not opposed. About five months afterwards two other heirs filed oppositions, and these were stricken out on the motion of the executor, and these opponents reserved a bill and appealed.

The judge was right. After judgment of homologation has been entered neither heirs nor creditors can be heard in opposing the account. The delay fixed by law must have passed before an homologation can be made, and if parties affected by the account permit it to pass without preferring their complaint, they must suffer for their own laches. A different rule would indefinitely protract the trial and homologation of a succession-account. Suc. Macarty, 3 Ann. 384.

Mrs. Cheval made a supplemental opposition about the time these

other heirs filed their original oppositions, and the same objection is made to her supplemental opposition that was made to their originals, but it is not good.

She had filed an opposition in time contesting all the items of the account generally and she can afterwards supplement it by specifying more in detail the several grounds of her complaint. The judgment of homologation expressly excepted her opposition from its operation, and there is no reason why she should not afterwards amplify her objections to the account that had already been made. Suc. Cabrol, 26 Ann. 609.

On the trial the executor offered all his proof and when Mrs. Cheval began to offer or was about to offer hers, the executor objected to the reception of it because she and he had had a settlement full and final and he had paid her one hundred and ninety dollars in discharge of whatever she was entitled to. His objection was that she could not be heard until she had tendered or paid him this sum thus received, and the judge sustained the objection and Mrs. Cheval appealed.

This ruling is error.

The executor seeks to apply a principle here that belongs to a wholly different state of things, and cites Pugh v. Cantey, 33 Ann. 786, where the court say, "the party demanding the rescision of a contract must return or offer to return the consideration received by him. * .* This is a condition precedent to being heard."

There is no contract here to rescind. The allegation of the opponent is that her signature to the receipt was given under protest and through compulsion and in complete ignorance of her rights. Whether true or false, the allegation of error entitles her to be heard in attacking the settlement.

Another allegation is that the real estate of the succession was bought by an interposed person ostensibly but really by the executor, and one of the objects of the opposition is to have that sale annulled and the property brought back into the succession. We have more than once held that a tender was not necessary to enable an heir to begin such an attack. Stanbrough vs. McClellan, 36 Ann. 234, and cases there cited.

It is therefore ordered and decreed that the judgment of the lower court dismissing Mrs. Cheval's opposition is avoided and reversed, and the cause is remanded for further proceedings therein, and in all other respects it is affirmed, the costs of Mrs. Cheval's appeal to be paid by the executor.

53

ON APPLICATION FOR REHEARING.

WATKINS, J.    Mrs. Althée Tomlinson and Mrs. Elvina Vigné, heirs of deceased, opponents and appellants, pray the amendment of the former judgment and decree of this court sustaining the judgment of the court a qua dismissing their oppositions.

They claim that, on the final account opposed, there are no funds to be distributed to creditors; and they make no opposition to any creditor's claim.    They claim that the account purports to dispose of the entire assets of the succession, leaving in favor of the executor a balance of $1737.07; and that a final judgment of homologation " would be tantamount to a judgment against the heirs, in favor of the executor, for said balance."

This succession was opened by the death of the testatrix on the 15th of August, 1879, and during the same month letters testamentary were issued to the executor, Charles Louque.

On June 13th, 1884, opponents were recognized as heirs of the deceased.

The account opposed states the assets of the estate to be $5968, and its liabilities $7705.07, showing a balance in favor of the executor, as stated above, of $1737.07.

Mrs. Cheval opposed this " account in full " on the grounds that it was vague and indefinite, and did not set out the assets and liabilities fully; because therein no mention is made of the real estate belonging thereto, as described in the inventory; and because the property of the succession has been adjudicated to the executor, through a person interposed, and which still belongs to the succession.

She opposes specially several items, and particularly the balance in favor of the executor; and, generally, " every item of said account as presented."

On motion of the executor the account was thereafter duly homologated, so far as not opposed.

The account was tried in the absence of counsel for opponent, Mrs. Cheval, and upon a proper showing, a new trial was ordered on November 28th, 1884.

No further proceedings were taken until the 25th of March, 1885, when Althèe and Elvina Commagère filed additional oppositions to the executor's account, embracing, among others, many of the items of the account opposed previously by Mrs. Cheval.

On the same date Mrs. Cheval filed an amended opposition, in which she reiterates all of the objections previously urged to the account; and she further charges that all the moneys this account shows to have

been disbursed by the executor, were by him derived from another succession to which she, and the other opponents are the *sole* heirs.

On motion of the executor the opposition of Mrs. Tomlinson and Mrs. Vigné are stricken from the docket " as having been filed too late," i. e., subsequent to the judgment of the court homologating the account, so far as not opposed ; and to this ruling opponents reserved a bill.

I.

Were the oppositions presented in due season to entitle those opponents to a hearing thereon ?

Should the opinion of this court be reversed in such way as to afford them an opportunity of making proof of same ?

In succession of Cabrol, 26 Ann. 609, the court say : " On the 4th of August there was judgment homologating all the items not opposed.

"As the original petition opposed, in *general* terms, the homologation of *all* the items of the account except the law charges and costs, it follows that only these items were homologated by the judgment.

" The supplemental petition of the 9th of August supplies, so far as the items therein specified, the deficiency complained of in the original petition of opposition.

" Our conclusion is that the court erred in dismissing the opposition."

In the succession of Michael Schaffer, 13 Ann. 113, the court say : " It may be conceded that an *unqualified* homologation, after due advertisement and delays, of a curator's account, and statement of debts, is binding upon the heirs, in the absence of fraud.

" But here it appears that the items in controversy have not been passed upon. The account was homologated only in ' so far as not opposed.'

".The oppositions of *Michel* and *Gilmore* attacked the items now in questions.

" Those items having been opposed, *are not covered by the terms of the decree.*"

Counsel for the executor places reliance on the doctrine that is announced in succession of Macarty, 3 Ann. 383, and the quotation it makes from Lang et al. vs. Their Creditors, 14 La. 237, which is that :

" The law fixes the delay within which opposition to a tableau of distribution is to be made. This delay is not, however, fatal, as long as proceedings are *suspended* ; but when judgment of homologation is pronounced, creditors who deem themselves injured by it cannot be relieved otherwise than by a new trial ; and this cannot be obtained

by a party who has neglected to file his opposition *until the judgment of homologation be pronounced.*"

In the case at bar the proceedings have been kept suspended by the opposition of Mrs. Cheval. On the same day that she filed her supplemental opposition, the original oppositions of present appellants were filed, upon almost the identical grounds thereof.

The judgment homologating the executor's account *so far as not opposed* did not pronounce upon the items of the account that are embraced in, and covered by Mrs. Cheval's oppositions, original and amended.

There is no conflict between these decisions. On the other hand, they are perfectly harmonious.

" The right to do what is ordered to be done within a given time exists so long as *no action of the court, or the opposite party,* has intervened to conclude that right.   \*   \*   So, too, opposition may be made to an account of administration at any time before its homologation.   \*   \*   \*   \*

" There are many cases, however, when this rule ceases in consequence of *special* provisions of law."

Hen. Dig., p. 1580, No. 11, and authorities cited therein.

We have no hesitancy in saying that the opponents are entitled to a hearing upon their oppositions as filed; but we express no opinion upon various questions argued by counsel, appertaining to the trial of the same on the merits.

It is therefore ordered, adjudged and decreed, that the former opinion of this court herein rendered, be and the same is hereby amended in so far as to reverse the judgment of the lower court striking said oppositions as having been filed too late; and it is further ordered, adjudged and decreed that said oppositions are reinstated for trial and further proceedings according to law, and that the executor be taxed with the costs of appeal.

Judgment amended.