State ex rel. Williams. vs. Criminal Sheriff.

No. 11,185.

THE STATE OF LOUISIANA EX REL. EMMA WILLIAMS VS. REMY KLOCK, CRIMINAL SHERIFF.

An *information* presented, which the court orders to be filed, is not of itself ground for writs of *habeas corpus* and *certiorari*, for she can only have the benefit of *autre fois acquit* by special plea entered in the court in which the information is pending.

After the court will have ruled, the defendant will not be without remedy, if error be committed.

The accused can not interpose the plea of *autre fois acquit* in an application for writs of *habeas corpus* and *certiorari*.

The rule *nisi* is discharged and the application is denied.

A PPLICATION for *Certiorari* and *Habeas Corpus*.

*Wm. L. Thompson* for the Relator.

*Charles A. Butler*, District Attorney, for the Respondent.

The opinion of the court was delivered by

BREAUX, J.    Emma Williams has applied to this court for writs of *habeas corpus* and *certiorari*, alleging that she was tried upon a charge of grand larceny on the 1st day of February, 1893, in Section A of the Criminal District Court for the parish of Orleans.

That a verdict of not guilty was rendered; that notwithstanding the verdict and her right to be released, she was recommitted to the parish prison to be again tried upon the same charge of grand larceny, of which she was found "not guilty."

The sheriff, in his answer, avers that she is in custody under the authority of a capias of the court, regularly issued, which he exhibited.

The first information filed against the accused, in which she was charged with having stolen the property of Louisa Waters, is in the transcript, also extract from the minutes noting that the court *a qua* ruled that the ownership of the property alleged to have been stolen was not properly laid in the information, and that under the court's instruction a verdict of not guilty was rendered.

In the second information filed the accused was charged with

having stolen the property (described in the first information) from Harry H. Waters. The latter case was allotted to Division B.

Without having previously filed any plea whatever before the District Court the accused presented her petition to this court for writs of *habeas corpus* and *certiorari*.

There is no statement of facts or note of evidence.

The facts which may establish the correctness or the error of the lower court's ruling are not before us.

*Autre fois convict, autre fois acquit*, are special pleas in bar, and the former is the plea whereby the accused may avail himself of a former acquittal.

A former acquittal for the same offence should be specially pleaded in the court having jurisdiction of the last prosecution.

If not pleaded it can not be proven under the general issue. It can not be supplied.

The plea, when there are no matters of fact at issue, should consist of averments of former indictment and of the record of acquittal.

On the trial of this plea proof that the defendant was acquitted, on an indictment free from error and in a court having jurisdiction, should be offered.

The writ of *habeas corpus* is not the proper remedy to try the issue *autre fois acquit*.

It, in effect, would divest the court of jurisdiction in which the last information was filed, without giving it an opportunity to decide a plea which must be interposed in order to be of any avail.

The court *a qua* has jurisdiction to pass upon the question raised.

The court has general jurisdiction of the subject matter. as jurisdiction of the person accused.

Conceding all that is alleged in relator's petition, the fact remains that we are called upon to act upon a question of *autre fois acquit* without plea pleaded in the court having original jurisdiction of the question. William Pitner vs. The State, 44 Texas, 878.

In this case it was decided that the writ of *habeas corpus* was not proper remedy to try the issue of *autre fois acquit*, and it was held that the proper remedy, if the accused was entitled to any, was by a special plea entered in the court in which the indictment was pending, under which the defendant was imprisoned.

This decision is approvingly referred to by Mr. Wharton in his work on Criminal Pleading and Practice, 9th Edition, p. 480.

The Commonwealth *ex relatione* Norton and others against Deacon & Sergent, and Rawle's Report, p. 72.

In this case the court decided not to discharge prisoners on a *habeas corpus* while an indictment is pending against them, in which they had been committed by a court of competent jurisdiction, on the ground that they had been tried on that indictment and acquitted on some of the counts, but no verdict given in the others.

The remedy, the court held, if erroneous, was by writ of error.

The grounds against allowing the writ of *habeas corpus* apply to *certiorari*, and in addition, ordinarily, that writ should not be granted when there exists a remedy by appeal. State ex rel. Weber vs. Skinner, 32 An. 1092.

It is therefore ordered, adjudged and decreed that the rule *nisi* which issued in the case be discharged, and the writs of *certiorari* and *habeas corpus* denied, and that the petitioner be remanded to the custody of the sheriff.