The opinion of the court was delivered by
Breaux, J.
This is an application for writs of certiorari and prohibition.
The relators are defendants in a suit brought against them by J. Goucher et al.
The amount claimed is ninety-eight dollars.
*1349 In the magistrate’s court the defendants objected to going on with the trial, at the time and place, for the reason that the court was being held and the case heard outside of the territorial limits of the justice presiding; also for the reason that the defendants are not residents of the parish.
The agreed statement of facts shows that the court sat at the stock landing, a place not within the ward of which the respondent is the magistrate. The exception interposed by the defendant was overruled.
Upon this state of facts the relators base their application for the writs of certiorari and prohibition.
The respondent sets forth in the answer to the order nisi that there is no court house or convenient place for holding court in his, the second ward; further, that for the convenience of all concerned the court is held at the place where it has been held many years.
The respondent also pleads a waiver of the objection by relators’ alleged prior plea.
Lastly; the respondent urges that the relators have a remedy by appeal to the District Oourt, and consequently no remedy directly by certiorari and prohibition to the magistrate’s court.
It admits of no question: courts must hold their sessions within the territorial limits fixed by statute, and magistrates can cite before them in civil suits, in so far as relates to a personal judgment, only those who reside in the ward.
On the other hand, one may waive these requirements or sanction the proceedings; the exception being ratione personae.
These issues under our jurisprudence we would not be justified in de - ciding, in the proceedings before us, as the relator has ample remedy by appeal.
Our review of the authorities upon the subject has not resulted in our finding decisions under which the order applied for can be granted.
As to prohibition, without the certiorari, this court held in State ex rel. Follet vs. Judge, 32 An. 1182, that the relator’s right was by appeal; the case was appealable.
The ruling was the same in State ex rel. Hernandez vs. Monroe, 33 An. 923.
On an application for a writ of certiorari against a defendant justice of the peace, this court held that in an unappealable case, under its *1350 supervisory jurisdiction it would entertain the writ for the purpose of inquiring into the validity of the proceedings. State ex rel Montague vs. Louis Coquillon, 35 An. 1101.
In a recent case the question was considered and the court reiterated the conclusion previously reached; holding that the relator had other relief, and therefore was without right to apply for prohibition. State ex rel. Shaw vs. Judge, 47 An. 1603.
Our views are not antithetic to, but, on the contrary, are consistent with those expressed in State ex rel. Waller vs. Justice of the Peace, 47 An. 27. The action of nullity, it was held, in the cited case, does not prevent granting the application in an unappealable case.
The writs here are applied for under the supervisory jurisdiction of this court.
Whether prohibition and certiorari be consideed separately, or in one application for both writs, as in this case, this court has uniformly held that there is no ground for the application when the case is appealable. The facts being as here stated; if questions of jurisdiction be illegally decided originally, or on appeal, by a court from which no appeal arises, then these writs may issue. Prior to such an illegality the application can not be granted.
We have only stated such facts as were needful in deciding the application. Whether stated or not stated, they are all, subject to review on appeal to the District Oourt. By no action can that court be divested of its jurisdiction to pass on the question raised.
It is therefore ordered and decreed that the preliminary restraining order be dissolved, and that the relator be taxed with the costs.