No. 12,601.

STATE EX REL. BENOIT ROZIER VS. HON. FRED. D. KING, JUDGE
OF DIVISION B, CIVIL DISTRICT COURT.

The proceedings were regular on the face of the papers, and within the jurisdic‑
tion of the court.

Prohibition or *certiorari* is not a proper remedy where relief can be reached
through appeal. 47 An. 1602.

ON APPLICATION for Writs of *Certiorari* and Prohibition.

*Theo. Cotonio* for Relator.

*Dinkelspiel & Hart* for Respondent.

Submitted on briefs November 2, 1897.
Opinion handed down November 15, 1897.
Rehearing refused January 10, 1898.

The opinion of the court was delivered by

BREAUX, J. The record sets forth and the respondent states, in
his return, that in answer to a rule filed by the syndic of the insol‑
vent estate of Walter G. Salaun and wife for an order of sale to sell
the right which was afterward bought by the relator, all the matters
alleged by the relator for writs of *certiorari* and prohibition were
alleged by him and were passed upon by the court, after having
heard the evidence in open court, and that judgment was rendered
in open court; that it was signed after all the delays had expired
an 1 while respondent was in the city and at the court house. The
respondent adds that, had such not been the case, the judgment

having been rendered upon an interlocutory proceeding, it required no signature; that no objection was made at the time to the judge of Division C, acting for respondent.

Further, the respondent states that the sale of the right was a conservatory act established by the evidence which was introduced on the trial, and that the purchaser has no interest in contesting the validity of the order of sale; that the relator is in actual possession of " the right of possession " which was adjudicated to him.

In the brief for respondent it was urged that the judgment was appealable, and that relator's remedy was by appeal, and not by writs of *certiorari* and prohibition.

The relator avers that the judgment in question was not legally signed; that the judge of Division C was on the 14th of September, 1897, acting in the place of the judge of Division B.

Why it was that the judge of the latter court was acting in place of the former is not definitely shown of record, but it appears that the respondent judge, after hearing the parties, made the rule absolute and signed the judgment; no one has appealed from the judgment.

The relator argues that he could not appeal until the judgment had been legally signed.

The judgment was actually signed by the respondent judge, who had heard the case (*i. e.*, by the judge of Division B.)

A judgment was rendered in the court below, which was appealable, as it was regular, at least on the face of the papers. On appeal this court could have passed upon all questions regarding the merits of the case, and now urged on this application for writs of prohibition and *certiorari*, and all questions of validity or invalidity of the signature of the judge. This court has repeatedly declined to entertain an appeal from an unsigned judgment, but here, legally or illegally, the judgment has been signed and any existing nullity growing out of an illegal signing is reviewable on appeal.

" Prohibition is not a proper remedy where relief can be reached through appeal or injunction." State *ex rel.* Shaw vs. Ellis, Judge, 47 An. 1602.

But granted for an instant that the judgment had not been signed as stated by the relator, there was no necessity for the signature. If it caused irreparable injury, it was appealable.

This court has decided that a judgment of the court making the

rule absolute, as was made in this case, is not required to be signed (Fox vs. Executor, 1 An. 334), and that the signature of the judge is required only to final judgments. Kraeutler vs. Bank, 40 Robinson, 160; Van Winckle vs. Flecheaux, 12 La. 148.

It does not appear of record that the court was without jurisdiction. Moreover, the irregularities, if there were any irregularities, are not reviewable in these proceedings.

The proceedings being regular are within the jurisdiction of the court; the writs applied for. can not, under our jurisprudence, be granted. State *ex rel.* Scallen vs. Judge, 45 An. 241.

It is ordered and adjudged that our previous order is set aside, and the writ is denied.