## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA.

AT TERM BEGINNING FIRST MONDAY OF NOVEMBER, 1903,

AND

AT TERM BEGINNING FIRST MONDAY OF NOVEMBER, 1904.

(36 South. 868.)

No. 15,260.

STATE ex rel. JAUBERT BROS. v. LECHE, Judge.

(June 6, 1904.)

CERTIORARI—PROHIBITION—RIGHT OF APPEAL —JUDGMENT ON APPEAL—INJUNCTION.

1. This court has repeatedly decided that, if the relator has a right of appeal, certiorari and prohibition are not the remedies in the case.

2. If an appeal be taken the appellate court has authority in matter of the execution of its judgment. It has jurisdiction in matter of its proper and timely execution.

3. Plaintiff, by whom the injunction was obtained, gave bond for damages. The court had jurisdiction, and ordinarily will not assume that the district judge granted the injunction without some cause. This court will not set aside the injunction in proceedings for certiorari and prohibition. State ex rel. Pelletier v. Sommerville, Judge (this day handed down) 36 South. 864, 112 La. 1091.

(Syllabus by the Court.)

Application by the state, on the relation of Jaubert Bros., for writs of certiorari and prohibition to Paul Leche, judge. Denied.

Hiddleston Kenner, for relators.

BREAUX, C. J. Relator obtained judgment against his debtor for the sum of $780.59.

His complaint is that he was prevented by an injunction from going on with his writ of fieri facias, and from having the property seized and sold to satisfy his demand; that the property seized was advertised, and on the day of the sale this debtor, acting as tutor of his minor child, enjoined the sale and execution of his judgment on the ground that the property seized was not his (the debtor's) individual property, as it belonged to the community; that this injunction was tried, and the contention of the

2

debtor, as tutor, was sustained by the district court. From this judgment an appeal was taken by relator, and the decree of the district court was affirmed, although it is not alleged, we infer, that this appeal was taken to the Court of Appeal.

Subsequently relators obtained an alias writ of fieri facias, and the sheriff seized the undivided half of the property which had been previously seized as a whole, and advertised it for sale on the 30th day of April, 1904.

In a rule on the sheriff and relators to dissolve and set aside the seizure on the ground that the property was owned by the community, and that, until the community had been settled and liquidated, the undivided interest of the judgment debtor was not subject to seizure, relators joined issue, and afterwards the judge of the district court dismissed the rule.

Subsequently the judgment debtor sued out another injunction to prohibit and restrain the execution and sale on the ground set out in the rule.

Relators aver that, owing to the fact that the district court will not be in session in the parish of Ascension until June, 1904, and that an appeal taken in the case cannot be disposed of until November, 1904, almost a year will elapse before the suit can be disposed of.

Relators' contention is that, although the Court of Appeal has jurisdiction of the appeal, it does not have the power to exercise supervisory jurisdiction in the case.

Relators cite article 94 of the Constitution of 1898:

"The Supreme Court shall have control and general supervision over all inferior courts. The court or any justice thereof, shall have the power to issue writs of certiorari, mandamus, quo warranto, and all other remedial writs."

This court has the control delegated by this article, it is true. It does not follow that it will issue a writ of certiorari and prohibition in a case that is clearly appealable to the circuit court of appeal.

This court has repeatedly decided that in a clear case of a right to an appeal the remedy is by appeal to the court of competent jurisdiction. Garland's C. P., p. 858, note "c."

As we are in the month of June, the relator will have but little time to wait for a trial in the district court.

A decision will doubtless be reached, and, as the case is appealable, if he should meet with an adverse judgment he will have ample right of appeal.

If he should finally obtain judgment in his favor, and the vexation averred should arise, they would then have the right to such a writ before any court having jurisdiction of the appeal as would put a stop to it.

The relators are not threatened with irreparable loss, nor do we think that they present a case that renders it proper for us at this time to issue a rule nisi.

The court must decline to interfere at this stage of the proceedings and in the present situation of the case.

The application of relators is denied, and their petition dismissed.