BREAUX, C. J.
The question is whether the judgment rendered by the district court sufficiently decides the issues as presented. *467 lo enable the plaintiffs to appeal, and to "have all the questions involved decided on ■appeal.
We think it does.
Plaintiffs (relators here) sued the defendants to be recognized as forced heirs of John T. Dumesnil, who died in June, 1906.
Plaintiffs attacked the legacies made by Dumesnil to Mrs. Senitierre Bellanger (for brevity referred to hereafter as Senitierre), and they seek to set aside other donations and acts made by Dumesnil in her favor. 'They asked to be recognized as forced heirs of the late John T. Dumesnil, and to be sent into possession of the estate unconditionally, .and to have decreed null the appointment of Senitierre as testamentary executrix.
The judge of the district court in the original case, brought by these applicants, passed upon the issues by dismissing and rejecting plaintiffs’ demand against Senitierre at their ■cost, dissolving the writ of sequestration which had been issued at the instance of plaintiffs, and restoring Senitierre to the possession, as executrix ot the property and effects of the estate. The decree also rejected and dismissed plaintiffs’ action against .P. E. Dumesnil, and declared him the owner ■of the property which plaintiffs claimed in the suit.
The court reserved the right to plaintiffs .as heirs to accept the estate unconditionally .and to be sent into possession upon payment ■of the debts of the estate (if there were any), .and the legacies and the costs of administration, this right to be exercised after the termination of the litigation “when the rights ■of the heirs can be fully determined.”
The plaintiffs, who are here as applicants, :averred that there are no legacies other than illegal legacies; that there is no necessity for an administration; that the heirs are of :age and are entitled to the seisin of the property upon assuming any obligation which irnight arise, and upon paying any just claims for inheritance tax, if any were due. But that the court’s failure to render a judgment upon plaintiffs’ demand to be recognized as forced heirs and to be sent into possession of 'the estate unconditionally was a ruling from which they were entitled to relief.
On relator’s petition for the writs before mentioned, this court issued a rule nisi addressed to the honorable the judge of the district court.
In compliance therewith, he made his return, and states therein that he has not failed to recognize the relators as forced heirs of the succession. ,
In this statement he is sustained by the decree, as well as by the facts of the case.
The court states further in the return that on April 3, 1907, in a lengthy and fully considered oral opinion, he overruled the objections and signed the judgment; that the opinion that he delivered held that the heirs were not entitled to possession at this time, as there were issues in the ■ opinion of the court which should first be decided before placing the heirs in possession.
If the judge of the district court had decided part of f'a issues and had absolutely refused to pass upon others, it would be different. If, for instance, he had declined to recognize the heirs as forced heirs, or, had absolutely and arbitrarily refused to place them in possession, there would be ground to make the writs absolute.
He did neither. Whatever error there may be in the ruling can be corrected on appeal. The issues will be brought up in the appeal taken.
It is settled that the remedial writs will not be issued if the applicant has complete remedy by appeal.
It did not appear in applicant’s petition for the writs of certiorari, prohibition, and mandamus that the issues had'been considered in the district court. But now, that it is made to appear by the record, made part *469 ■of the return, that all the issues have been rsufficiently considered to bring up the whole -case, there cannot prejudicial error arise, nor unreasonable delay before the case will ’.be disposed of.
For reasons stated, it is ordered, adjudged, and decreed that the rule nisi issued in this ease is recalled and discharged; that applicants’ petition be dismissed, and their .prayer is not granted.