(49 South. 485.)

No. 17,548.

FIRST NAT. BANK v. RICHARDSON et al.

In re TAYLOR.

(April 26, 1909. Rehearing Denied May 24, 1909.)

CERTIORARI (§ 5*) — PROHIBITION (§ 3*) — GROUNDS OF REMEDY—EXISTENCE OF REMEDY BY APPEAL.

Where plaintiff stated that he would not move for a new trial, but would acquiesce in defendant's application, and counsel for one of defendants objected to a new trial, when the matter was referred to another day, when a new trial was granted, any error in granting the new trial without a motion therefor was reviewable by appeal, and hence certiorari and prohibition would not lie to review the ruling.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 5, 6; Dec. Dig. § 5*; Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. § 3.*]

Action by the First National Bank against W. F. Taylor and another. On application by defendant named for writs of certiorari and prohibition to review an order granting a new trial. Application denied.

Looney & Scheen, for relator. Respondent Judge, pro se. Blanchard, Barret & Smith, for respondent First Nat. Bank. Alexander & Wilkinson, for respondent Richardson.

PROVOSTY, J. Relator complains that the trial judge granted a new trial without any motion having been made therefor, and after the three days within which a new trial may be granted, and applies for writs of certiorari and prohibition.

In the suit in which the new trial was granted the relator, Taylor, and one Richardson, are sued solidarily on a note bearing the indorsement of the Richardson-Taylor Lumber Company, of which they are members. Judgment was rendered in favor of plaintiff against Richardson, but the suit was dismissed as against the relator, Taylor. The judgment was signed at the time of its rendition. Two days thereafter—that is to say, within the delays for new trial—when the bar were being called for motions, the attorney of Richardson presented a motion for new trial. When the firm representing plaintiff was in its turn called, Mr. Barret, a member of the firm, verbally announced to the court that he had intended to move for a new trial, and had prepared the motion and held it in his hand, but would not file it, but would simply acquiesce in the application of opposing counsel. Thereupon counsel for relator, Taylor, objected to a new trial being granted, and the matter was referred to another day for argument, and on said other day the new trial was granted. This other day was after the expiration of the delays for new trial.

Upon the foregoing facts, no case is presented for the exercise of the extraordinary powers of this court. If there has been error, it has simply been an error of judgment, such as may be rectified in ordinary course by appeal. The rule is well settled that this court will not interfere by the exercise of its extraordinary powers in a case where there is adequate remedy by appeal. State ex rel. Jaubert Bros. v. Leche, 113 La. 1, 36 South. 868.

The rule nisi is recalled, and the present application is denied, at the cost of the relator.