case before us for decision relates to the charge of the court.

The statement of the court in the per curiam fully justifies the charge and leaves the defendant without good ground of complaint. In answer to the objection in question, the court states that he charged the jury that the date of the offense was sufficiently stated. It was proven that the offense had been committed within a year previous to the filing of the indictment, beyond a reasonable doubt, and added that the jury had a right to consider the time intervening between the alleged time of the commission of the offense and the time of complaint, that the charge fully covered the law.

There was no error committed in giving this charge, and the defense in argument have not attempted to argue that there was error.

No bill of exceptions was reserved to the court's ruling, overruling the motion for a new trial. It follows that the grounds of the motion are not before us.

It only remains for us to affirm the judgment.

For reasons stated, the judgment is affirmed.

---

(57 South. 929.)

No. 19,278.

DENEGRE v. W. G. TEBAULT FURNITURE & REALTY CO.

In re FITZPATRICK, State Tax Collector.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

1. COURTS (§ 224*)—JURISDICTION OF AMOUNT.
     Where there is an amount to be distributed, that amount is the test of jurisdiction, and not the respective amounts claimed by creditors.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig. § 224.*]

*(Additional Syllabus by Editorial Staff.)*

2. CERTIORARI (§ 5*)—WHEN LIES—REMEDY BY APPEAL—PROHIBITION.
     Where relator has a right of appeal, certiorari and prohibition are not the proper remedies.
     [Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 5; Dec. Dig. § 5.*]

Action by George Denegre against the W. G. Tebault Furniture & Realty Company. Judgment for plaintiff, and John Fitzpatrick, Tax Collector, filed a motion, claiming taxes due the state. Motion made absolute for taxes and the State Tax Collector applied for writ of certiorari. Petition dismissed.

Harry P. Sneed, for relator. H. H. Chaffe, for civil sheriff.

BREAUX, C. J. No jurisdiction ratione materiæ.

Over $4,000 are claimed by plaintiff, secured by a lessor's lien and privilege.

The whole of defendant's property was assessed at $12,500. His stock in trade was sold for $1,298.15. This price is in the hands of the sheriff. This property was appraised at $10,000.

The tax collector filed a motion, in which he claimed the taxes due to the state.

The judge a quo rendered judgment, in which he made the motion absolute for the taxes to be paid on the $1,292.90.

Whereupon counsel for the state tax collector petitioned this court for a writ of certiorari.

The issues are before us on the application for a writ of certiorari.

The question to be decided is whether the amount of the taxes is due on $12,500 or on $1,292.90.

The amount in the hands of the sheriff to be distributed is over $100.

The Supreme Court's jurisdiction extends to all cases where the matter in dispute or the fund to be distributed exceeds $2,000 *(whatever may be the amount therein claim-*

*ed*) are the words of the Constitution. (Italics ours.)

The Court of Appeal has jurisdiction when the matter in dispute or the fund to be distributed shall exceed $100.

Moreover, the amount claimed by the state is over $100, if we take into account the different amounts which make up the claim of the state, as shown by the testimony.

[1] But to this we do not attach the least importance; for, even if the amount claimed is less than $100, the amount to be distributed is the test of jurisdiction.

The Court of Appeal has jurisdiction.

[2] This court has again and again decided that if the relator has a right of appeal certiorari and prohibition are not the remedies in the case. State ex rel. Jaubert Bros. v. Judge, 113 La. 1, 36 South. 868.

The parties are left to their remedy before the tribunal having appellate jurisdiction.

The writ nisi is recalled and discharged; relator's demand is denied as in the case of nonsuit, and its petition is dismissed.