(59 South. 773.)

No. 19,626.

STATE ex rel. ROSSNER v. BERTHELOT.

In re MIDDLETON et al.

(Sept. 24, 1912.)

*(Syllabus by Editorial Staff.)*

1. CERTIORARI (§ 5*)—PROHIBITION (§ 3*)—NATURE OF REMEDY — EXISTENCE OF REMEDY BY APPEAL.

The jurisdiction conferred by Const. art. 94, upon the Supreme Court, or any justice thereof, to issue writs of certiorari or prohibition is intended to be exercised where the law provides no remedy by appeal, or such remedy is likely to prove inadequate.

[Ed. Note.—For other cases, see ·Certiorari, Cent. Dig. §§ 5, 6; Dec. Dig. § 5;* Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. § 3.*]

2. CERTIORARI (§ 5*)—PROHIBITION (§ 3*)—NATURE OF REMEDY—EXISTENCE OF REMEDY BY APPEAL.

The remedy provided by Act No. 198 of 1912 by appeal in primary election contests and a declaration of nullity of the general election on decision of the appeal, after such election, in favor of the contestants is adequate, and bars the remedy by certiorari or prohibition.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 5, 6; Dec. Dig. § 5;* Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. § 3.*]

Separate proceedings by the State, on the relation of Charles W. Rossner, of John B. Danenhauer, of L. H. Marrero, Jr., of Leo A. Marrero, and of Prentice E. Edrington, to contest a primary election. Application by Fred A. Middleton and Paul Berthelot, defendants, for writs of prohibition and certiorari. Denied.

H. N. Gautier and Robert H. Marr, both of New Orleans, and Pugh & Lemann, of Donaldsonville, for relators. Dart, Kernan & Dart, of New Orleans, for respondents.

## Statement of the Case.

MONROE, J. The relators Middleton and Berthelot allege that they are defendants in the suits brought by the other parties named in the caption hereof for the purpose of coercing certain action by the defendant Berthelot in his capacity as chairman of the Democratic executive committee of the Twenty-Eighth judicial district; that the issues presented in the different suits are the same, and that the amount involved in each suit exceeds $2,000; that the Honorable Prentice E. Edrington, judge of the Twenty-Eighth judicial district court, recused himself on account of interest and appointed the Honorable E. K. Skinner, judge of the civil district court for the parish of Orleans, to act in his stead; that Judge Skinner ordered citation to issue, returnable agreeably to the provisions of Act 198 of 1912; and that they excepted to the action so taken on the grounds:

(1) That when said order of recusation and reference was made the Twenty-Eighth judicial district court was in vacation, and the judge was without authority to "sit as a court, or to convene or hold said court, or to make and issue orders and decrees as a court."

(2) That the appointment of Judge Skinner was illegal, for the reason that he is one of the five judges of the one civil district court for the parish of Orleans, which parish does not constitute a judicial district, and is not an adjoining parish, within the meaning of the law, and which court is not a court of "coequal" jurisdiction with the district courts of the state.

Relators further allege that their exceptions were overruled, and they pray that writs of certiorari and prohibition issue, and that said ruling be reversed and further proceedings thereunder prohibited.

Counsel for the plaintiffs in the cases mentioned have filed a brief on their behalf, opposing the application of the relators, and making a statement of facts, from their point of view, substantially as follows, to wit:

That on September 3, 1912, a primary election was held in the Twenty-Eighth judicial district, for the nomination of Democratic

candidates for the offices of judge and district attorney, and in each of the parishes of Jefferson, St. Charles, and St. John the Baptist (composing said district), for the nomination of candidates for membership in the Democratic executive committee of the district; that the plaintiffs, respectively, received a majority of the votes cast at said elections; that on September 7th the district committee met to receive the compilation and tabulation of election returns, which, under Act 198 of 1912, § 6, it was the duty of the chairman to prepare; that the chairman announced that he had received returns from the parish of St. John the Baptist and from two of the five wards of the parish of St. Charles, but he had received none from the other three wards of St. Charles, and none from the parish of Jefferson; that the committee adjourned until September 12th, in order to enable the chairman to get the missing returns; that on September 12th, prior to the meeting of the committee, there were tendered to the chairman duplicate original returns from the parish of Jefferson, and copies, certified by the Secretary of State, of the returns from all the parishes, the duplicate originals from the parish of Jefferson being the same that had been sent by the commissioners of election to said chairman, and being in every respect complete and regular, as were also the certified copies from the Secretary of State; that oral proof was tendered to said chairman that the commissioners of election in the parishes of St. Charles and Jefferson had inclosed in each ballot box duplicate original returns of the elections represented by said boxes, respectively, and an order had been made by the judge of the district court, which was also tendered to said chairman, authorizing the clerk to open the boxes and take said returns therefrom and deliver them to said chairman, upon leaving in said boxes procès verbal showing such action; that proof was also tendered said chairman that duplicate originals of the returns from Jefferson parish had been mailed to him, on the day following the election, at his home address; that said chairman declined to consider the offer so made, as did also the committee, which was then convened, and the chairman read to the committee a tabulation made by him, showing only the votes cast in the parish of St. John the Baptist and in two of the five wards of the parish of St. Charles; and upon those incomplete returns the committee, by majority vote, declared that J. V. Chenet had received the nomination to the judgeship, and Fred A. Middleton the nomination to the district attorneyship, no candidate for nomination as committeeman being mentioned in the report; that protests were made against the action so taken, and the committee adjourned sine die; that within 48 hours thereafter the suits here in question were instituted, attacking said action as illegal and fraudulent; that upon the presentation to him of the petitions therein Judge Edrington, being himself one of the plaintiffs, opened court in the parishes of St. John the Baptist and Jefferson, and entered an order recusing himself and appointing Judge Skinner to hear and determine the cases; and that, Judge Skinner having made the orders requiring the defendants to appear and answer, they in due course appeared and presented the exceptions which have been mentioned, and some others besides, all of which were overruled.

### Opinion.

That during the vacation Judge Edrington opened court and caused the order of recusation and appointment to be entered on the minutes, and that Judge Skinner, the appointee named in the order (being one of the judges of the civil district court for the parish of Orleans), overruled relators' exception, are about the only allegations of fact which relators' petition discloses, and they are not denied. On the other hand, the allegations

contained in the brief of opposing counsel cannot, of course, be accepted as conclusive, and it is assumed that the aspect thereby given to the case may be modified or altogether changed by the facts to be developed upon the trial; those allegations having been referred to merely as indicating, in a general way, the character of the issues involved and the probable adequacy of the remedy by appeal from the final judgment to be rendered, as contradistinguished from the extraordinary remedy here sought.

[1, 2] Considering the case as thus presented, I am unable to find a sufficient reason for the exercise of the jurisdiction conferred by article 94 of the Constitution upon the Supreme Court, "or any justice thereof," to issue the writs prayed for. That jurisdiction is intended to be exercised in cases where the law provides no remedy by appeal, or where such remedy is likely to prove inadequate. For cases such as this, the lawmaker, by Act No. 198 of 1912, has provided that suit may be brought within two days in the district court of the parish where the contestee resides; that the judge, or, in his absence, the clerk, shall thereupon issue an order directing the contestee to answer, within five days after service, at the expiration of which delay, unless a Sunday intervene, the judge shall proceed, without delay, to try the issue presented; that the trial shall be in open court or in chambers, and without a jury; that judgment shall be rendered within 24 hours after the case is submitted; that the party shall have the right to appeal, the emoluments of the office involved being made the test of the jurisdiction; that the appeal shall be filed within five days after the rendition of the judgment by the trial court; that without waiting therefor, but upon notice that the appeal has been perfected, the case shall be immediately set down for hearing in the appellate court, and shall be decided within 24 hours after sub-

mission; that if the Supreme Court be in vacation it shall be the duty of the Chief Justice to convene it at once in special session; that no application for rehearing shall be entertained, though the court, of its own motion, may correct manifest errors; that if, for any cause, a final judgment is not obtained before the date of a second primary, or of the general election, and the final decision of the court should be that the contestant named should have appeared upon the ticket in such second primary or general election, whereas the contestee appeared in fact, then, in that event, the subsequent nomination and election of such contestee shall be treated as a nullity.

The remedy thus provided appears to be adequate for all the purposes of this case, unless defeated by the voluntary action of the parties interested in seeking a remedy for which no such provision is made, and which, if allowed, would result in complication and delay. The application of relators is therefore denied.