BRUNOT, J.
This is an application for writs of certiorari, mandamus, and prohibition.
It appears that relator filed a suit against her husband in which she prayed for a judgment decreeing a separation from bed and board. In this proceeding a rule issued and was made absolute, ordering the defendant to pay alimony, pendente lite. The defendant answered this suit, but no assignment of the case was asked, and it is still pending on the docket of the civil district court.
After the parties had been separated seven years, Mrs. Fetzler filed a suit against her husband^for an absolute divorce under the provisions of Act 269 of 1916. This case was alloted to division D of the civil district court and was entered bn the docket ot, that court, but at the time the suit was filed and docketed the plaintiff, had not obtained the order of the judge authorizing her to institute and prosecute it. This order was not signed until the noon hour of that day. On the same day and immediately ,after Mrs. Fetzler’s suit was filed, Isidore Fetzler filed a similar suit against his wife under the provisions of the same act, viz., No. 269 of 1916. This suit was alloted to division 0 of the civil district court, and citation issued thereon at once, and service of the petition was made upon Mrs. Fetzler before she obtained the requisite order authorizing her to institute and prosecute her suit.
In the suit brought by Isidore Fetzler several exceptions and a plea to the jurisdiction of the court were filed by the defendant. These exceptions and plea to the jurisdiction of the court were overruled. In the suit brought by Mrs. Fetzler the defendant filed a plea of lis pendens, which plea was maintained and the suit dismissed.
*376 Relator admits that she has a right of appeal from this judgment, hut she seeks the writs prayed for herein upon the theory that, pending final judgment on the appeal, the suit instituted by her husband against her will be tried and determined in the lower court adversely to her interest and especially of her right to alimony. Relator’s fears appear to be groundless because she has a right of appeal from the judgment in both suits, if she be cast in both, and a right to apply to this court for a consolidation of the two cases if they are brought here.
The writ of certiorari cannot be used as a substitute for an appeal. Article 857, C. P., La. Dig. vol. 2, p. 106, and authorities there cited.
The writ of mandamus will not issue if there is a legal remedy by ordinary means. Article 880, C. P.
The writ will not issue if the applicant has an adequate remedy by appeal. La. Dig. vol. 4, p. 778; Succession of Macarty, 2 La. Ann. 979; Succession of Macarty, 3 La. Ann. 383; Ex parte Bujol, 3 La. Ann. 716; Sharp v. Davis, 8 La. Ann. 92; State v. Judge, 9 La. Ann. 350; State v. Judge, 10 La. Ann. 420; State v. Judge, 44 La. Ann. 1085, 11 South. 684; Hanson v. St. Mary Parish, 116 La. 1080, 41 South. 321; Beasley v. Jenkins, 117 La. 577, 42 South. 145; Bank v. Citizens’ Ice Co., 129 La. 270, 55 South. 879; Saucier v. Saucier, 135 La. 973, 66 South. 317; Richard v. Habans, 140 La. 372, 72 South. 999.
Both suits for divorce fall within the appellate jurisdiction of this court, and the litigant .east in either or both has an adequate remedy by appeal.
The rule to show cause issued herein is therefore recalled and vacated, and the application for writs of certiorari, mandamus, and prohibition is denied, at relator’s cost.
Rehearing denied by Division B, composed of DAWKINS, LAND, and LECHE, JJ.