(105 So. 510)

No. 27320.

**ROUSSEL v. DALCHE.**

**In re DALCHE.**

(July 13, 1925. Rehearing Denied Oct. 6, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⊝⇒440—**Trial judge held to have jurisdiction to amend order of suspensive appeal.**

Where granting of suspensive appeal by court was illegal, judge had jurisdiction to amend the order.

2. **Certiorari** ⊝⇒5(1)—**Prohibition** ⊝⇒3(3)— **Writs of certiorari and prohibition issued only to correct errors or protect interests that cannot be corrected or protected by appeal.**

Writs of certiorari and prohibition are only issued to correct errors or to protect interests that cannot be corrected or protected by appeal, and hence, where contention of relator that trial judge was without jurisdiction to amend order of appeal could be urged on appeal, such writs will not lie.

Action by Mrs. Willis J. Roussel, administratrix, against Richard Dalche. Judgment for plaintiff, and defendant obtained order for suspension of appeal therefrom. Order of appeal was amended, and defendant applied to the Supreme Court for certiorari and prohibition. Writs denied.

See, also, 158 La. 742, 104 So. 637.

Paul W. Maloney, of New Orleans, for relator.

Wm. Winans Wall, of New Orleans, for respondent.

BRUNOT, J. Plaintiff proceeded, by rule, for the possession of certain premises and for the ejectment of the defendant therefrom. The rule was made absolute, and the defendant in rule was ordered to deliver possession of the property to plaintiff. Defendant moved for and obtained from the court an order for a suspensive appeal from the judgment. On a suggestion to the court by counsel for plaintiff that no special defense had been made which would entitle defendant to a suspensive appeal from the judgment, the court amended its order of appeal by striking therefrom the word "suspensive," and ordered the ejectment of the tenant. Defendant then applied to this court for writs of certiorari and prohibition. A rule to show cause issued, and it is in response to this rule that the case is now before us.

Two questions are presented: One is whether the trial judge had authority to amend the order of appeal, and the other, whether the defendant, who was engaged in the trial of a case in the city court when this case was called for trial in the district court, could delay the trial of this case by reason of that engagement.

[1] As to the first proposition, the record discloses that defendant made no special defense, such as would entitle him to a suspensive appeal from the judgment of the court. The granting of a suspensive appeal by the court was illegal, and the judge had jurisdiction to amend the order. Audubon Hotel Co. v. Braunig, 119 La. 1070, 44 So. 891: State ex rel. Lamouraine v. Judge, 45 La. Ann. 1316, 14 So. 232.

[2] As to the second proposition: The contention of relator may be properly urged on appeal. Writs are only issued to correct errors or to protect interests that cannot be corrected or protected by appeal.

The rule to show cause in this case is therefore recalled, and the application for writs denied, at relator's cost.