(117 So. 748)

No. 29269.

**DILL v. LOWERY.**

**In re DILL.**

June 4, 1928.

Edward Rightor, Thos. E. Furlow, and Prentice E. Edrington, Jr., all of New Orleans, for relator.

Philip H. Gilbert, of Napoleonville, for respondent.

OVERTON, J. Relator brought suit in the district court for the parish of Ascension, alleging that at a meeting of the Republican State Central Committee, held on January 31, 1928, he was elected a member of that committee from the parish of Ascension, for the term of four years, that he was duly qualified as a member of the committee, and is the actual incumbent of the office, but that, notwithstanding these facts, defendant, who is a resident of the parish of Ascension, is claiming, without sanction of law, to be entitled to the office, and is about to exercise the duties thereof, and will do so unless restrained. The prayer of the petition is that defendant be ordered to show cause why an injunction should not issue, prohibiting him from exercising or attempting to exercise the duties of the office of committeeman, and from interfering with the exercise of those duties by relator, until the disputed right to the office be determined, and that, in due course, the injunction be perpetuated.

Defendant filed an exception of no cause of action to this demand, and also an answer. There was judgment in the district court dissolving a restraining order that issued at relator's instance, and also judgment dismissing relator's suit, on the theory that relator was not in possession of the office, and therefore was not entitled to an injunction.

There are no emoluments or salary attached to the position of committeeman. The case is such a one as is appealable to the Court of Appeal (Const. § 29, art. 7), but, instead of relator's asking for an appeal to that court, he has asked that relief be granted him here through writs of certiorari and mandamus. The case might have been disposed of with reasonable promptness by appeal to the Court of Appeal. The case presents no such extraordinary circumstances as would justify us in reviewing it in the exercise of our extraordinary jurisdiction.

"While the range of cases in which writs of mandamus may be issued is enlarged by the grant of supervisory power over inferior courts,

it does not follow that that writ may be invoked always instead of appeal. It would revolutionize our jurisprudence to hold that every right that was formerly enforced by appeal and every wrong that was formerly redressed by appeal can now be enforced by mandamus when an emergency seems to require or invite it." State ex rel. Morgan's Louisiana & Texas Railroad & Steamship Co. v. Judge, 36 La. Ann. 394.

A writ of mandamus will not issue where there is an adequate remedy by appeal. Richard v. Habans, 140 La. 372, 72 So. 999.

For these reasons, the rule that issued herein is discharged, and relator's application is dismissed.