(139 So. 8)

## STATE v. RABALAIS.
### Nos. 31206, 31493.

Jan. 4, 1932.

O. P. Carriere, Geo. O. Leahy, and Michel Provosty, all of New Orleans, for appellant.

Percy Saint, Atty. Gen., L. H. Perez, Dist. Atty., of New Orleans, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J.

The appellant was convicted of violating an ordinance of the police jury of Plaquemines parish forbidding the peddling of merchandise without previous payment of a license, or "occupation tax"; and was sentenced to pay a fine of $300 *and* to serve 60 days in the parish prison.

He moved, before sentence, to arrest the judgment on various grounds; of which, however, we find it necessary to notice but one.

After sentence he appealed in due course; and thereafter applied to this court for writs of certiorari and prohibition addressed to the trial judge on the same grounds on which he moved to arrest the judgment and on the further ground that the sentence imposed upon him exceeded the penalty allowed by the ordinance; which is true, for the ordinance provides that the penalty shall be a fine of not more than $300, *or* imprisonment for not more than 60 days in the parish prison. That is to say, the penalty fixed by the ordinance is an alternative of *either* fine *or* imprisonment, and the sentence imposed by the trial judge is a cumulative sentence of *both* fine *and* imprisonment.

I.

If the complaint last mentioned were the only sound one, and appellant's motion in arrest of judgment were not well founded, then all that he could take by his writs would be that the sentence be set aside, leaving the conviction to stand; and the only relief to which the relator would be entitled would be

to have the sentence set aside and to have the case remanded for a proper sentence in due course and according to law.

But this matter is covered by his appeal, which was pending when the writs were applied for and whilst the defendant was at large on bail. So that the writs gave, and could give, to the relator, no further relief than that afforded by his appeal. And it is a familiar rule of law, and the constant jurisprudence and practice of this court, that summary writs will not issue, nor the extraordinary and supervisory powers of this court be exercised, when the relator has a full and adequate remedy by appeal. Accordingly the writs herein granted will be recalled.

However, we think, and the state concedes, that the motion in arrest of judgment was well founded and that *both* the conviction *and* the sentence must be set aside. So that the appellant-relator loses nothing by the recall of the writ, for he takes *all* by his appeal.

## II.

█ Of the several grounds on which the motion in arrest of judgment is based, we need note but one; for that one ground we find to be well founded.

Act No. 315 of 1908 provides that police juries may enforce all such ordinances as they may legally adopt by fine or imprisonment or both, but very distinctly forbids any fine in excess of $100, or imprisonment in excess of 30 days. Hence, since the ordinance herein complained of provides for a fine of $300 and an imprisonment of 60 days, it is not only ultra vires but in flagrant violation of the statute, and therefore void. And no conviction had under a law that is void can stand.

### Decree.

For the reason assigned it is ordered that the writs of certiorari and prohibition herein issued be recalled. It is further ordered that the conviction and sentence herein appealed from be reversed and set aside and that the appellant be discharged.

LAND and ROGERS, JJ., concur in decree in so far as it overrules the conviction and sentence.

O'NIELL, C. J. (concurring in the annulment of the conviction).

I concur in the decree rendered in this case, in so far as it annuls the conviction and sentence and orders the appellant discharged; but I dissent from the decree recalling the writs of certiorari and prohibition. It is said in the prevailing opinion that the matters whch were brought up for review by the writ of certiorari were covered by the appeal; that it is a familiar rule that the supervisory powers of this court will not be exercised when the relator has a full and adequate remedy by appeal; and, accordingly, that the writs herein granted should be recalled. All of that appears to me to be a mistake. The only question that was brought up for review or consideration by the defendant's appeal was the question of constitutionality or legality of the parochial ordinance under which the fine and penalty of imprisonment was imposed upon him. The purpose of the writs of certiorari and prohibition was to bring up the defendant's other complaints, as to which he had no remedy by appeal. I respectfully submit, therefore, that the writs were not issued improvidently. We had no right to assume, in advance of a hearing, that the ordinance was unconstitutional or illegal, and, therefore, that the writs of certiorari and prohibition would be unnecessary.