PROVOSTY, J.
The property involved in this suit was successively sold to different purchasers, on a credit with reserve of mortgage and vendor’s privilege to secure the payment of the purchase price represented by notes, and these notes were negotiated to different persons. One of these purchasers while owning the property mortgaged it for borrowed money, and the notes secured by this mortgage were in like manner negotiated. As each successive sale took place, or mortgage was given, the registry of the prior mortgage on the mortgage records was canceled without the debts having been paid, dnd unbeknown to the holder of the mortgage. The fraud by which this was done was discovered only when proceedings for the foreclosure of these several mortgages and vendor’s privileges came to be instituted. The property had in the meantime been subdivided, and the subdivisions sold at auction to divers persons, who had purchased in good faith believing the property to be free of incumbrances, as it appeared by the public records to be. Those present owners of the property resisted the suits brought for the foreclosure of these mortgages, and secured orders transferring to the division of the civil district court wherein the first foreclosure suit was filed the several foreclosure suits subsequently filed, to be there consolidated, in order that the controversy as to all mortgages and all the subdivisions of the property might be settled in one suit.
After the several foreclosure suits had been thus transferred, Mrs. Birchmeir, one of the subsequent mortgage creditors, obtained an injunction against the prior mortgage creditors; but this injunction has been withdrawn, and can no longer have any influence in the case.
The controversy between these present owners and said mortgage creditors involved only two questions: First,-as to the genuineness and reality of the mortgages, and whether or not they had been paid; and, secondly, whether the fraudulent cancellations should be given effect. The case was appealed to this court and is reported under the title of Gallagher v. Connor, 138 La. Ann. 633, 70 South. 539. This court held the mortgages to be valid, and that' their registry stood in full force and effect as if never canceled; thereby settling the controversy. But as there were some minor, uncontroverted details, which could best be attended to in the lower court, the court remanded the case for the lower court to adjust these details.
One of the creditors with mortgage and vendor’s privilege was Mrs. Richard, the plaintiff in this suit, who held the notes executed by the defendant, Paul I-Iabans, one of the purchasers of the property. As the act evidencing her mortgage was in notarial form and contained the pact de non alienando, she proceeded via executiva, and against her debtor, Habans, although he no longer was owner of the property or in possession of it.
After the judgment of this court settling the controversy had been recorded in the lower court, she applied for and obtained another order of seizure and sale, and was proceeding with it, when the judge rescinded it at the request of the present owners of the property. She then filed in this court the *375 present application for a writ of mandamus to the judge of the lower court to compel him to grant an order of seizure and sale. Her contention is: First, that where a notarial act of mortgage in due form, containing the pact de non alienando, is presented to the judge, as in this case, he has no discretion as to granting or not an order of seizure and sale, and therefore mandamus is the proper remedy to compel him to grant the order, if he refuses to do so; and, secondly, that the effect of canceling the order which was granted was to place matters in the same situation as if no order had been granted.
We need not consider whether the first of these contentions is or not well founded, as we are clear that the second is not, and the overruling of it disposes of the case. The order canceling the order theretofore granted is appealable. Of this there can be no question. Such being the case, the remedy of relator is by appeal, not by mandamus. Westerfield v. Board of Commissioners (No. 22,220) 72 South. 905[1]; Wise v. Taylor, 32 La. Ann. 977. Moreover, nothing shows that the original, or first, order for seizure and sale is not still in full force and effect, and that the remedy of relator is not to proceed under it.
This application for mandamus is denied, at the cost of relator.
MONROE, O. X, takes no part. O’NIELL, X, dissents.

 Ante, p. 146.