LECHE, J.
Relator alleges in substance: That on April 2, 1917, he filed suit No. 2647 in the Twenty-First judicial district court, parish of Pointe Coupee, wherein he claimed from Mumford Phillips an amount in excess of $2,500 and wherein he also claimed as exempt from seizure, under article 244 of the Constitution, certain two black mares, then under seizure by virtue of a writ of fi. fa. issued in the ease of Mumford Phillips v. Charles J. Mundy, No. 2556 of the docket of said court. That on April 16, 1917, on motion of defendant’s attorneys and against the oral protest of relator, Hon. Jos. E. Le Blanc, judge of said court, arbitrarily set said cause for trial on April 19, 1917. That on April 18, 1917, he filed a written motion in said court for a continuance, and also mailed a copy of said motion to said judge, together with a letter requesting said judge to notify relator by mail (or to have the clerk of court do so) what disposition his honor made of said motion. That he never heard anything further from said judge or the clerk of court, until the 28th day of April, 1917, when he received the following communication:
“New Roads, April 28, 1917. Mr. Charles J. Mundy, Lettsworth, La. — Dear Sir: Your letter dated the 27th is received. On the 19th instant the court overruled your motion for a continuance and prayer for a jury. The case was assigned for trial, tried, and judgment was rendered against you and Capt. Kingsbury, in solido, in the sum of fifty dollars, special damages as attorney’s fees, and all costs of suit. * * * Yours truly, A. L. Jewell, Clerk of Court.”
He further alleges: That on Sunday, April 29th, he traveled 25 miles from his home to New Roads, the county seat, to see said judge, but was informed by the wife of said judge that he was sick, and was told to return the next day (Monday), when said judge would be in court. That he again went to-New Roads on Monday, April 30th, and was again informed that said judge was too sick to see any one, and that it was only after making a peremptory demand to see said judge at about 4 p. m. that said judge consented to see him. That he thereupon handed said judge a petition and motion for a new trial, together with a petition and order for a suspensive and devolutive appeal in said case No. 2647, wherein judgment had been rendered against relator and his surety on the injunction bond, out of his presence and with no notice to relator of said judgment, except the letter of the clerk of court, hereinabove transcribed. That relator requested said judge to sign said order for a suspensive appeal, but said judge refused to do so, saying:
“File your motion for a new trial, which we-will take up in short, and then, when that motion is disposed of,-if necessary it will be plenty of time for you to take your suspensive appeal.”
That relator presented said petition for a suspensive appeal within the legal delay required by law for the filing of a suspensiveappeal; said 30th day of April, 1917, being the eleventh day from the 19th day of April,. 1917, when said judgment was rendered, including two Sundays, thus making the 30th day of April, 1917, the ninth clear day from the rendition of said judgment, and the same being the first clear day from the reception by relator of the said notice of judgment from the clerk of court. Relator further alleges: That on May 12, 1917, he received the following letter from the clerk of court:
“New Roads, La. May 11,1917. Mr. Charles-J. Mundy, Lettsworth, La. — Dear Sir: Judge-Le Blanc has requested me to-day to notify you that he will pass upon your motion for a new trial in your suit against Mumford Phillips, No. 2647, next Monday, the 14th instant. Yours truly, A. L. Jewell, Clerk of Court.”
*183 That pursuant to said notice, said judge ■opened court in the clerk’s office, and proceeded to hear your petitioner on his said motion for a new trial, ex parte, and then .and there overruled said motion. That relator then again presented to said judge the •same petition and order for a suspensive appeal which relator had presented on said 30th day of April, 1917, and which said order ■said judge then and there refused to sign •on the ground that it was too late for a suspensive appeal. That said judge then told the clerk to enter an order for a devolutive appeal returnable to the Supreme Court and fixed the bond at $75. That relator noted an exception to said judge’s refusal to enter an order for a suspensive appeal.
Kelator then proceeds to characterize the ■action of the judge as deliberately unfair, illegal, and unwarranted, and to argue the merits of his demand in said suit No. 2647, and he finally prays for writs of certiorari ■directing the judge and clerk of said court to forward the record in said case to this ■court, and that after due proceedings, that this court “direct and command Hon. Joseph E. Le Blanc, Jr., judge of said court, to •open the judgment in this case rendered on said April 19, 1917, and allow relator an opportunity to present the merits of his cause to the court below, there to be tried according to law; and relator prays for all orders necessary in the premises and for all general .and equitable relief.” This petition is signed by relator in propria persona, and the relator’s oath thereto recites that • relator believes all the allegations set forth therein ■are true.
We gather the following facts from the record; Mumford Phillips had recovered judgment in suit No. 2556 of the docket of the district court for the parish of Pointe Coupee against Charles J. Mundy, the relator herein, on a claim for rent and advances and in an execution issued on said judgment caused to be seized certain movable property, including two black mares, belonging to relator. Relator then enjoined said execution in so far only as it included the two black mares, and he coupled with his application for an injunction a demand for damages resulting from the seizure of these two mares, for attorney’s fees, and for his personal expenses in filing said injunction proceedings, amounting to $2,315.
The alleged wrongs done to relator and the alleged unfair, unwarranted, and illegal actions of the judge are charged to have occurred in the trial and final disposition of the issues involved in this injunction proceeding. These alleged wrongs are the refusal of the trial judge to grant relator a continuance, and his refusal to grant a new trial or sign an order for a suspensive appeal from the judgment rendered in the case..
The judge’s answer to the rule to show cause issued by this court specifically denies all the alleged facts upon which relator bases his charges of illegal, arbitrary, and unwarranted conduct on the part of said judge. The defendant judge says in substance: That although relator urges as a ground for a continuance the absence of his counsel, that relator in point of fact never was represented by counsel, and that he (the judge) repeatedly and consistently told relator that he could not advise him or act as his counsel, and that his various motions must be filed with the clerk of court. That said motions were not presented to the court in legal form nor within the time fixed by law. That although relator was present in court when the case was assigned for trial, a suit in which he was acting as his own attorney, he failed to attend court on the day of trial. That relator’s application for a suspensive appeal was made for the first time orally and in open court on May 14, 1917, when the judgment rendered on April 19th had already become final and executory. The rest of *185 tlie defendant’s answer relates to tlie merits of relator’s demand in said suit No. 2647, and, like the allegations in relator’s petition upon that same subject, is not pertinent to the present proceeding in which we are not called upon to decide the merits of the controversies between relator and Mumford Phillips. The only question we may pass upon in the present application for writs of certiorari and mandamus is whether relator has been illegally deprived of his constitutional right to “adequate remedy by due process of law.”
As already stated, the pertinent complaints of relator, shorn of all irrelevant prolixity, are that he was deprived of his right to a continuance of the case, and also of his right to a new trial and to a suspensive appeal.
[1] The rulings of the trial judge on the motions for a continuance and for a new trial cannot be reviewed by this court in this proceeding, which is being carried on by virtue of its appellate and not its supervisory jurisdiction. These rulings are within the trial judge’s discretion, and may in this case only be reviewed in an appeal. State ex rel. Glancey v. St. Paul, 113 La. 1066, 37 South. 972; Landry v. Bellanger, 119 La. 466, 44 South. 266.
[2] In regard to relator’s other complaint, the answer of defendant judge and the filing indorsed on the written motion shows that the motion was filed too late; the judgment complained of having been rendered and signed in open court on April 19,-1917. There is no law requiring notice of judgment to a plaintiff, and therefore the delays for a suspensive appeal began to run from April 19th. The motion was filed on May 14th, and the trial judge very properly held that it came too late. O. P. 575.
Relator in this proceeding is acting in propria persona, and does not seem to have been represented by counsel in his litigation with Mumford Phillips, and for that reason we have taken more than ordinary care in scrutinizing the record. Our conclusion is that relator’s charges of arbitrary, unwarranted, unfair, and illegal conduct on the part of' the defendant judge are unfounded and nor supported by the record. Relator, smarting, under the sensation of seeing all his property taken away from him to satisfy the debts he owed to Mumford Phillips, misconceived the legal functions which the law has invested in the trial judge, and looked to this officer for advice and protection, which, if granted, would have amounted to arbitrary, unwarranted, unfair, and illegal conduct towards-the other party to that litigation.
The rule nisi herein issued, is therefore recalled, and the writ prayed for refused at the cost of relator.