STATE EX REL. DURIEU
v.
NEW ORLEANS LAND CO.
RENECKY; INTERVENOR

---

(May 21, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 261, 514, 515.
   The suspensive appeal having been taken more than ten days (exclusive of holidays) after the signing of the judg-

ment, under Art. 575 of the Code of Practice, it must be dismissed.

Appeal from Civil District Court, Div. "C." Hon. W. Catesby Jones, Judge.

Action by The State ex rel. Emile Durieu and Arthur Durieu against New Orleans Land Company. Joseph E. Renecky, Intervenor.

There was judgment for defendant and plaintiff appealed.

Appeal dismissed.

C. S. Hebert, of New Orleans, attorney for relators, appellants.

Anna Judge Veters, of New Orleans, attorney for intervenor.

W. O. Hart, of New Orleans, attorney for defendant, appellee.

JONES, J. The judgment appealed from was rendered on February 6, 1928, and was signed on February 27, 1928. The suspensive appeal (and also a devolutive appeal) was not applied for until March 12, 1928. Joseph E. Renecky, Intervenor, in whose favor the judgment of the lower court was rendered, filed a motion to dismiss the suspensive appeal on the grounds that it was not taken within the ten days allowed by law.

Article 575 of the Code of Practice, which prescribes the time within which an appeal must be taken in order to be suspensive, reads as follows:

"If the appeal has been taken within ten days, not including Sundays, it shall stay execution and all further proceedings."

As the judgment in this case was signed on Monday, February 27, 1928, and there was only one Sunday intervening, to-wit, March 4th and no legal holidays, from Tuesday, February 28th and eliminating

Sunday, March 4th, the ten days expired on Thursday, March 8th.

See Beuhler vs. Beuhler Realty Co., 155 La. 319, 99 So. 276; Mundy vs. Phillips, 142 La. 180, 76 So. 602; Barrow vs. Caffery, 161 La. 778, 109 So. 488.

The suspensive appeal having been taken more than ten days (exclusive of holidays) after the signing of the judgment, it is ordered, adjudged and decreed that the suspensive appeal be dismissed.