ORDER
Granted. A court of appeal has supervisory jurisdiction over cases which arise within its circuit. La. Const.1974, art. 5 Sec. 10(A). This constitutional grant of power is plenary, and its use cannot be fettered by statutory law. See Tate, Supervisory Powers of the Supreme Court of Louisiana over Inferior Courts, 34 Tul.L. Rev. at 165. This court has announced certain self-imposed restrictions, however. Generally, supervisory writs will not issue when relator has available another adequate remedy. See, e.g., Mundy v. Phillips, 142 La. 180, 76 So. 602 (1917); Tate, supra at 171. However, an exception is made in extraordinary cases in which justice is being denied and irreparable damage would result before an appeal could be taken. E.g., Wheeler v. Wheeler, 184 La. 689, 167 So. 191; Tate, supra at 171.
In the present case relator alleges that he is being held in prison unlawfully under an unconstitutional sentence which the trial court has refused to either set aside or to correct despite express appellate court order to do so. Therefore, this case falls within the exception category in which allegedly justice is being denied and irreparable injury is being done. Accordingly, the application is remanded to the court of appeal which is directed to consider the matter immediately and exercise its supervisory power at once if warranted.