# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

NO. 2020 KW 0405

VERSUS

DAVID J. DOYLE

JUNE 11, 2020

---

In Re:    David J. Doyle, applying for supervisory writs, 18th Judicial District Court, Parish of West Baton Rouge, No. 171551.

---

BEFORE:    McCLENDON, WELCH, AND HOLDRIDGE, JJ.

   WRIT DENIED AS MOOT. See ruling in **State v. Doyle**, 2020-0452 (La. App. 1st Cir. 6/11/20), granting relator's motion to expedite his appeal.

PMc
GH

   **Welch, J.**, dissents in part. In light of the United States Supreme Court's decision in **Ramos v. Louisiana**, ___ U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020), I believe this court should exercise supervisory jurisdiction to vacate relator's convictions and sentences and remand this matter to the district court for further proceedings. See **State ex rel. Tuscano v. Donnelly**, 491 So.2d 1341 (La.1986) ("A court of appeal has supervisory jurisdiction over cases which arise within its circuit. [La. Const. art. 5, §] 10(A). This constitutional grant of power is plenary, and its use cannot be fettered by statutory law. ... Generally, supervisory writs will not issue when relator has available another adequate remedy. ...However, an exception is made in extraordinary cases in which justice is being denied and irreparable damage would result before an appeal could be taken). The compelling factor in this case is that the relator is incarcerated on an invalid verdict. Requiring relator to remain incarcerated pending appeal constitutes irreparable harm. In so observing, I make no findings with respect to any issues that may be raised on appeal, such as sufficiency of the evidence, nor whether double jeopardy is applicable.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT